**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CONSTANCE MILLARD and | § | |
| GERALD KRELL, Individually and as | § | |
| Representatives of the Estate of Jason | § | |
| Krell, Deceased; MICHELLE MARTIN, | § | |
| as tutrix and next friend of A.P., E.P., and | § | |
| M.S., minors, and as Representative of the | § | |
| Estate of Quinon Pitre, *et al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| - against-. | § | |
| | § | ADMIRALTY CASE |
| AMERICAN BUREAU OF SHIPPING, | § | |
| ABS GROUP OF COMPANIES, INC., | § | |
| ABSG CONSULTING INC., | § | |
| ABS QUALITY EVALUATIONS, INC., | § | |
| and ABS GROUP | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING INC., ABS QUALITY EVALUATIONS, INC., and ABS GROUP LLC (s/h/a "ABS GROUP") (herein collectively referred to as "Defendants"), hereby file this removal under 28 U.S.C. §§ 1442 and 1446, giving notice that the action styled Cause No. 2024-22725, *Constance Millard and Gerald Krell, Individually and as Representative of the Estate of Jason Krell; Michelle Martin, as tutrix and next friend of A.P., E.P., and M.S., minors, and as Representative of the Estate of Quinon Pitre; Rathey Encalade, Individually and as Independent Administratrix of the Succession of Darren Anthony Encalade, Sr.; Cameron Encalade; Janet*

1

*Hartford, Individually and as Administratrix of the Succession of Anthony Hartford; Antranae Hartford; Amanda Walcott-Harris and Russell Wayne Saddler as Independent Co-Administratrixes of the Succession of Gregory Walcott; Brandy Williams Norris, as Administrator of the Succession of Ernest J. Williams, Jr.; Verley Williams; Bryson Williams; Zachary Louviere; Charles Scallan; and Brandon Aucoin,* Plaintiffs*, —against— AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING INC., ABS QUALITY EVALUATIONS, INC., and ABS GROUP*, Defendants, pending in the 190th Judicial District Court of Harris County, Texas, is hereby removed to the United States District Court for the Southern District of Texas – Houston Division.  In support of removal, Defendants state the following:

## A. TEXAS STATE COURT ACTION

1.      On or about April 10, 2024, Plaintiffs, Constance Millard and Gerald Krell, Individually and as Representative of the Estate of Jason Krell; and Michelle Martin, as tutrix and next friend of A.P., E.P., and M.S., minors, and as Representative of the Estate of Quinon Pitre, filed their Original Petition in the 190th Judicial District Court of Harris County, Texas against the Defendants.

2.      On or about April 12, 2024, Plaintiffs filed their First Amended Petition ("FAP") in the 190th Judicial District Court of Harris County, Texas against the Defendants.  Among other things, the First Amended Petition asserted claims on behalf of additional plaintiffs, Rathey Encalade, Individually and as Independent Administratrix of the Succession of Darren Anthony Encalade, Sr.; Cameron Encalade; Janet Hartford, Individually and as Administratrix of the Succession of Anthony Hartford; Antranae Hartford; Amanda Walcott-Harris and Russell Wayne Saddler as Independent Co-Administratrixes of the Succession of Gregory Walcott; Brandy

2

Williams Norris, as Administrator of the Succession of Ernest J. Williams, Jr.; Verley Williams; Bryson Williams; Zachary Louviere; Charles Scallan; and Brandon Aucoin.  The FAP asserts death and injury claims on behalf of crewmembers and/or passengers arising from the April 13, 2021, sinking of the M/V SEACOR POWER ("the Vessel") in the Gulf of Mexico.  The Plaintiffs seek to hold the Defendants liable for, among other things, alleged acts and/or omissions made in the course of performing certain inspections, audits, surveys and reviews of the Vessel.  (*See*, *e.g.*, FAP ¶¶ 5.2, 5.12.)

3.       Defendants first received a copy of the Original Petition on April 11, 2024; Plaintiffs subsequently served the separately named Defendants with copies of the First Amended Petition at various times on or about April 17, 2024.

4.       This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that it is being filed within thirty (30) days of the Defendants' first receipt of a copy of the Original Petition.

5.       For the reasons set forth in detail below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1442(a)(1), because Defendants have been sued as persons acting under officers and/or agencies of the United States, for or relating to acts under color of such office or agency.

6.       In accordance with Local Rule 81(1) through 81(3), Defendants attach the following filings to this Notice of Removal:

a.   Exhibit A-1 contains all executed process in the case; and

b.   Exhibit A-2 contains all pleadings filed to date, consisting of the Plaintiff's Petition and First Amended Petition.

No orders to date have been signed by the assigned state court judge.

7.     In accordance with Local Rule 81(4), Defendants now attach as Exhibit B a copy of the docket sheet from the 190th Judicial District of Harris County in this Action, including the full listing of filings on the court's Judgment/Events tab.

8.     In accordance with Local Rule 81(5), an index of the matters being filed is attached as Exhibit C.

9.     In accordance with Local Rule 81(6), a list of all counsel of record, including addresses and telephone numbers, is attached as Exhibit D.

### B.     JURISDICTIONAL BASIS FOR REMOVAL

10.     Removal is appropriate in this matter based on the special removal statute, 28 U.S.C. § 1442.  This statute states, in part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

11.     Section 1442(a)(1) allows a non-governmental defendant to remove an action where (1) the defendant is a "person"; (2) the defendant has acted pursuant to the direction of a federal officer and/or agency; (3) the defendant can assert a colorable federal defense; and (4) the charged conduct is connected to or associated with an act pursuant to the direction of a federal officer or agency.  *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

12.     The Defendants are "person[s]" within the meaning of the removal statute.  Four of the five Defendants are corporations; the Fifth Circuit has consistently held that corporate

entities qualify as "persons" entitled to remove under Section 1442.  *See*, *e.g.*, *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998).  The fifth defendant is a limited liability company (LLC); while the Fifth Circuit may not have specifically addressed the status of LLCs as "persons" under Section 1442(a)(1), other courts in this circuit have reached that conclusion.  *See*, *e.g.*, *Craig v. American Overseas Marine Corp.*, No. 14-256-SDD-RLB, 2014 U.S. Dist. LEXIS 173312, at *10 (M.D. La. Nov. 7, 2014).

13.     The Plaintiffs have specifically alleged in their Petitions that the Defendants[1] acted pursuant to directions of a federal officer or agency.  They contend that ABS:

a.  Completed surveys "on behalf of the Coast Guard, including surveys verifying compliance with the *International Load Line Certificate, the International Convention for the Safety of Life at Sea* (SOLAS), and the *International Convention for the Prevention of Pollution from Ships*."  (FAP ¶ 5.6.(italics in original));

b.  "[W]as delegated responsibility by the United States for verifying" that the vessel operator, SEACOR Marine, and the vessel were in "compliance with the ISM Code and US regulations", that "on behalf of the Coast Guard, ABS issued SEACOR Marine a document of compliance," and that with respect to the vessel, "ABS endorsed the safety management certificate valid" after having conducted a safety management certificate audit.  (FAP ¶¶ 5.7-5.8);

c.  "Failed to perform adequate inspections, audits, reviews, and classification of the *SEACOR Power*, and rubber-stamped the vessel, its components, its operations

---

[1] The Plaintiffs' Original and First Amended Petitions make no distinction between or among the separate Defendants, but refer to the Defendants collectively as "ABS".  Consequently, for purposes of subject matter jurisdiction, all allegations relevant to subject matter jurisdiction apply equally to all five Defendants.  However, to the extent any of the individual Defendants have been included in this action in error, in that they had no involvement with the Vessel and ultimately should be dismissed, all such Defendants nevertheless consent to and join in this removal.

manual, its safety policies, and its safety management system when it was not safe to operate". (FAP ¶ 5.12.) All "inspections" and "audits" would necessarily refer to U.S. Coast Guard inspections and audits, while certain "reviews" would be performed on behalf of the Coast Guard;

d. "Fail[ed] to ensure the vessel met necessary stability requirements". (FAP ¶ 6.3(h).) Pursuant to 46 U.S.C. § 3316 and 46 C.F.R. § 42.05-10, the U.S. Coast Guard has delegated to the American Bureau of Shipping the conducting of stability reviews for U.S.-flagged vessels.

14.     Beyond the allegations in the FAP, Defendant ABS in fact has been delegated by the U.S. Coast Guard to perform reviews, inspections, examinations, and audits of U.S. flagged vessels such as the Vessel at issue in this matter. The U.S. Coast Guard has formally published its delegation of authority and defined the scope of that delegation for performing stability reviews in Navigation and Vessel Inspection Circular (NVIC) 3-97.[2] In addition to delegation of authority to perform stability reviews, the U.S. Coast Guard delegated its authority to ABS to conduct a broad range of inspections and examinations and to issue certificates on behalf of the Coast Guard. This delegation of authority to ABS is defined in a Memorandum of Understanding ("MOU") between the U.S. Coast Guard and ABS, pursuant to which ABS was designated as a "'Recognized Organization' ('RO'), with respect to performing statutory certification and services on behalf of the" U.S. Coast Guard. The "purpose" of the MOU was to "delegate authority to the RO to perform statutory certification services on behalf of the [Coast

---

[2] Circular NVIC 3-97 is publicly available at
https://www.dco.uscg.mil/Portals/9/DCO%20Documents/5p/5ps/NVIC/1997/n3-97.pdf.

Guard] and to define the scope, terms, conditions, and requirements of that delegation". (MOU at §§ 1-2.)[3]

15.     The Defendants have colorable federal defenses. Among others:

a.  They are entitled to assert the defense of discretionary function immunity also available to U.S. Coast Guard inspectors under 28 U.S.C. § 2680(a). As agents acting for the U.S. Coast Guard under due statutory authority as described above, which Plaintiffs themselves have alleged, the Defendants were executing the will of the government, such that the statutory immunity would be extended to them. *See*, *e.g.*, *Boyle v. United Techs. Corp.*, 487 U.S. 500, 506 (1988); *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20-21 (1940); *Taylor Energy Co., LLC v. Luttrell*, 3, F.4th 172 (5th Cir. 2021); and

b.  To the extent the Defendants do and will contend that they properly satisfied all obligations they owed to the U.S. Coast Guard in performing their inspections, examinations, reviews and audits, and reporting results to the U.S. Coast Guard, the scope of any liability arising from these activities and reporting to the Coast Guard will necessarily involve a determination of Defendants' obligations under the various mentioned federal statutes, federal regulations, federal delegations, and agreements conferring authority to the Defendants.

16.     The allegations of fault against the Defendants are inseparably connected with their acts performed at the direction of federal officers and/or agencies. The Plaintiffs have specifically alleged that acts and/or omissions of the Defendants, including in relation to surveys,

---

[3] The MOU between the Coast Guard and ABS is publicly available at
https://www.dco.uscg.mil/Portals/9/DCO%20Documents/5p/5ps/Alternate%20Compliance%20Program/ABS-USCG%20RO%20Agreement_01JUN2020.pdf.

inspections, reviews, and audits performed by them on behalf of the U.S. Coast Guard, constituted "a direct, proximate, and producing cause of injury and death to the Decedents, and injuries to the Survivors, and resultant damages to Plaintiffs." (FAP ¶ 6.4.)  They also allege in support of their cause of action for negligent misrepresentation that "ABS was negligent in its inspection, review, and classification of the vessel *SEACOR Power*" and thereby "negligently misrepresented the qualities, characteristics and seaworthiness of the Vessel to the detriment of the Decedents and Survivors".  (FAP ¶¶ 6.5-6.6.)  The Plaintiffs also allege that the Defendants' "acts and/or omissions", in relation to their inspections, examinations, reviews, and audits conducted on behalf of the U.S. Coast Guard, "rose to the level of gross negligence".  (FAP ¶ 6.9.)

17.     To the extent that the Plaintiffs allege negligence, negligent misrepresentation, and gross negligence in relation to the activities of Defendants with respect to the Vessel, such activities necessarily included issuance of federal statutory certificates, handling surveys for classification, and acting as a duly authorized Recognized Organization for the U.S. Coast Guard.

18.     The applicable law for all substantive issues is federal law, so that removal will not deny the Plaintiffs any substantive rights that may be available under state law.  Because the casualty that gives rise to this action occurred in navigable waters, the Plaintiffs' claims necessarily are governed by federal maritime law, as Plaintiff themselves contend (FAP ¶ 3.1).  Moreover, the U.S. District Court would have had original jurisdiction over these claims under its maritime jurisdiction under 28 U.S.C. § 1333.

## C.      VENUE IS PROPER IN THIS COURT

19.      The United States District Court for the Southern District of Texas – Houston

Division embraces Harris County in which the Texas state court action was filed. Accordingly,

this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## D.  OTHER MATTERS

20.      All Defendants who have been properly joined and served are represented by the

undersigned and join in and/or consent to the removal of this case to federal court pursuant to 28

U.S.C. § 1446(b).

21.      A true and correct copy of this Notice of Removal will be filed with the Clerk of

the 190th Judicial District Court of Harris County, Texas, as required by the provisions of 28

U.S.C. § 1446(d).  Defendants are providing the 190th Judicial District Court of Harris County,

Texas with written notice of filing this removal.

22.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

upon Plaintiffs' counsel.

Respectfully submitted,

Dated:  May 6, 2024

HILL RIVKINS LLP
Attorneys for Defendants
*American Bureau of Shipping; abs Group of Companies,*
*Inc.; ABSG Consulting, Inc.; ABS Quality Evaluations,*
*Inc.; and ABS Group*


  /s/ *John J. Sullivan*
John J. Sullivan
SDTX I.D. No.: 1531846
Hannah E. Taylor
SDTX I.D. No. 3805262

9

HILL RIVKINS LLP
1000 N. Post Oak Rd., Suite 220
Houston, Texas 77055
Tel.:    713-222-1515
Fax:    713-222-1359
Email: jsullivan@hillrivkins.com
           htaylor@hillrivkins.com


James M. Kimbell
SDTX ID No.: 1627

CLARK HILL PLC
1000 Louisiana Street, Suite 2800,
Houston, Texas 77002
Tel.:    713-951-5665
Fax:    832-397-3544
Email: jkimbell@clarkhill.com


## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Southern District of Texas, using the CM/ECF system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  In addition, copies have been served upon all parties who have not yet appeared by way of facsimile, email and/or otherwise.


        /s/ *John J. Sullivan*
        John J. Sullivan