IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE MILLARD and GERALD KRELL, Individually and as Representatives of the Estate of Jason Krell, Deceased; MICHELLE MARTIN, as tutrix and next friend of A.P., E.P., and M.S., minors, and as Representative of the Estate of Quinon Pitre, *et al.* § § § § § § § § | | |
| Plaintiffs, § § | CIVIL ACTION NO. 4:24-cv-01694 | |
| - against-. § § | ADMIRALTY CASE | |
| AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING INC., ABS QUALITY EVALUATIONS, INC., and ABS GROUP § § § § § § | | |
| Defendants. § | | |

**AMENDED ANSWER OF ALL DEFENDANTS
TO PLAINTIFFS' FIRST AMENDED PETITION**

Defendants, AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING INC., ABS QUALITY EVALUATIONS, INC., and ABS GROUP LLC (s/h/a "ABS GROUP") (herein collectively referred to as "Defendants"), as and for an Answer to the First Amended Petition ("FAP") of the Plaintiffs herein, state upon information and belief as follows:

**I. DISCOVERY**

1

1.1     In light of the removal of the Action to this Court, all discovery will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court, so that no response to Paragraphs 1.1 and 1.2 of the FAP is required.

**II.    PARTIES**

2.1     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.1 in Plaintiffs' FAP.

2.2     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.2 in Plaintiffs' FAP.

2.3     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.3 in Plaintiffs' FAP.

2.4     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.4 in Plaintiffs' FAP.

2.5     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.5 in Plaintiffs' FAP.

2.6     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.6 in Plaintiffs' FAP.

2.7     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.7 in Plaintiffs' FAP.

2.8     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.8 in Plaintiffs' FAP.

2.9     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.9 in Plaintiffs' FAP.

2.10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.10 in Plaintiffs' FAP.

2.11    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.11 in Plaintiffs' FAP.

2.12    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.12 in Plaintiffs' FAP.

2.13    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.13 in Plaintiffs' FAP.

2.14    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.14 in Plaintiffs' FAP.

2.15    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.15 in Plaintiffs' FAP.

2.16    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.16 in Plaintiffs' FAP.

2.17    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2.17 in Plaintiffs' FAP.

2.18    Admit that Defendant American Bureau of Shipping is not a Texas corporation, has a place of business and headquarters in Harris County, Texas, and has a registered agent for service in Texas, but otherwise deny the remaining allegations of Paragraph 2.18 of the FAP.

2.19    Admit that Defendant ABS Group of Companies, Inc., is not a Texas corporation, has a place of business in Harris County, Texas, and has a registered agent for service in Texas, but otherwise deny the remaining allegations of Paragraph 2.19 of the FAP.

2.20    Admit that Defendant ABSG Consulting Inc. is not a Texas corporation, has a place of business in Harris County, Texas, and has a registered agent for service in Texas, but otherwise deny the remaining allegations of Paragraph 2.20 of the FAP.

2.21    Admit that Defendant ABS Quality Evaluations, Inc. is not a Texas corporation, has a place of business in Harris County, Texas, and has a registered agent for service in Texas, but otherwise deny the remaining allegations of Paragraph 2.21 of the FAP.

2.22    Deny that Defendant ABS Group is an assumed and/or former name of ABSG Consulting Inc. under which all the Defendants conduct business, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2.22 in Plaintiffs' FAP.

2.23    Deny the applicability of the Plaintiffs' purported reservation of rights in Paragraph 2.23 of the FAP, to the extent such reservation is inconsistent with the Federal Rules of Civil Procedure, including but not limited to Rules 15, 17, and/or 19-21.

### III.  JURISDICTION

3.1    Admit that the claims asserted herein are subject to the general maritime law of the United States, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3.1 of the FAP.

3.2    Deny the allegations set forth in Paragraph 3.2.

### IV.  VENUE

4.1    Deny the allegations set forth in Paragraph 4.1, although Defendants respectfully submit that this action has been properly removed to this Court from the District Court, Harris County, Texas, and that this Court is a proper venue to the extent Plaintiffs herein can assert any cognizable claims for relief.

## V.   FACTUAL BACKGROUND

5.1    Admit that Plaintiffs herein have asserted certain claims in connection with a casualty involving the *Seacor Power* ("Subject Vessel"), but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5.1 in Plaintiffs' FAP.

5.2    Deny that the Subject Vessel left Port Fourchon, Louisiana, after 3 p.m. on April 13, 2021, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.2 in Plaintiffs' FAP.

5.3    Admit that the National Transportation Safety Board ("NTSB") investigated the sinking of the Subject Vessel that occurred on or about April 13, 2021 ("the Casualty"), for which recovery is sought in this action, and that the NTSB made certain determinations regarding the probable cause(s) of the Casualty, but deny that Paragraph 5.3 is a complete statement of the probable cause(s) of the Casualty as determined by the NTSB or a complete statement of factors contributing to the loss of life from the Casualty, in that Paragraph 5.3 omits critical details that affected and/or contributed to the Casualty, and further deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 5.3 of the FAP.

5.4    Admit that the defendant American Bureau of Shipping is a classification society as that term is generally understood under United States statutory, regulatory, and general maritime law but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.4 of the FAP.

5.5    Admit that the defendant American Bureau of Shipping performed certain classification activities in connection with the Subject Vessel, but otherwise deny knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.5 in Plaintiffs' FAP.

5.6. Admit that the defendant American Bureau of Shipping performed certain inspections, surveys, and/or audits of the Subject Vessel prior to April 13, 2021, on behalf of the United States Coast Guard, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.6 of the FAP.

5.7. Admit that the defendant American Bureau of Shipping was delegated responsibility by the United States for certain inspections and/or audits of the Subject Vessel prior to April 13, 2021, in connection with IMO International Safety Management (ISM) Code and US regulations but otherwise, deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.7 of the FAP.

5.8 Admit that the defendant American Bureau of Shipping conducted a certain safety management certificate audit for the Subject Vessel, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5.8 in Plaintiffs' FAP.

5.9 Admit that the ISM Code requires certain internal audits, deny that any of the Defendants conducted internal audits of SEACOR Marine or the Subject Vessel, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5.9 in Plaintiffs' FAP.

5.10 Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.10 in Plaintiffs' FAP.

5.11 Admit that the defendant American Bureau of Shipping performed certain review(s) of a Cargo Securing Manual for the Subject Vessel on behalf of the United States Coast

Guard, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5.11 in Plaintiffs' FAP.

 5.12 Deny the allegations set forth in Paragraph 5.12 in Plaintiffs' FAP.

 5.13 Deny the allegations set forth in Paragraph 5.13 in Plaintiffs' FAP.

## VI.  CAUSES OF ACTION

**A.** **As and for an Answer to the First Cause of Action for Negligence**

 6.1 Deny the allegations set forth in Paragraph 6.1 in Plaintiffs' FAP.

 6.2 Deny the allegations set forth in Paragraph 6.2 in Plaintiffs' FAP.

 6.3 Deny the allegations set forth in Paragraph 6.3 in Plaintiffs' FAP, including denial of all allegations in subparagraphs (a) through (o).

 6.4 Deny the allegations set forth in Paragraph 6.4 in Plaintiffs' FAP.

**B.** **As and for an Answer to the Second Cause of Action for Negligent Misrepresentation**

 6.5 Deny the allegations set forth in Paragraph 6.5 in Plaintiffs' FAP.

 6.6 Deny the allegations set forth in Paragraph 6.6 in Plaintiffs' FAP.

 6.7 Deny the allegations set forth in Paragraph 6.7 in Plaintiffs' FAP.

 6.8 Deny the allegations set forth in Paragraph 6.8 in Plaintiffs' FAP.

**C.** **As and for an Answer to the Third Cause of Action for Gross Negligence**

 6.9 Deny the allegations set forth in Paragraph 6.9 in Plaintiffs' FAP.

## VII.  DAMAGES

 7.1 Deny the allegations set forth in Paragraph 7.1 in Plaintiffs' FAP.

 7.2 Deny the allegations set forth in Paragraph 7.2 in Plaintiffs' FAP.

 7.3 Deny the allegations set forth in Paragraph 7.3 in Plaintiffs' FAP.

 7.4 Deny the allegations set forth in Paragraph 7.4 in Plaintiffs' FAP.

7.5     Deny the allegations set forth in Paragraph 7.5 in Plaintiffs' FAP.

7.6     Deny the allegations set forth in Paragraph 7.6 in Plaintiffs' FAP.

7.7     Deny the allegations set forth in Paragraph 7.7 in Plaintiffs' FAP.

7.8     Deny the allegations set forth in Paragraph 7.8 in Plaintiffs' FAP.

7.9     Deny the allegations set forth in Paragraph 7.9 in Plaintiffs' FAP.

7.10    Deny the allegations set forth in Paragraph 7.10 in Plaintiffs' FAP.

7.11    Deny the allegations set forth in Paragraph 7.11 in Plaintiffs' FAP.

7.12    Deny the allegations set forth in Paragraph 7.12 in Plaintiffs' FAP.

7.13    Deny the allegations set forth in Paragraph 7.13 in Plaintiffs' FAP.

7.14    Deny the allegations set forth in Paragraph 7.14 in Plaintiffs' FAP.

7.15    Deny the allegations set forth in Paragraph 7.15 in Plaintiffs' FAP.

7.16    Deny the allegations set forth in Paragraph 7.16 in Plaintiffs' FAP.

7.17    Deny the allegations set forth in Paragraph 7.17 in Plaintiffs' FAP.

7.18    Deny the allegations set forth in Paragraph 7.18 in Plaintiffs' FAP.

7.19    Deny the allegations set forth in Paragraph 7.19 in Plaintiffs' FAP.

7.20    Deny the allegations set forth in Paragraph 7.20 in Plaintiffs' FAP.

7.21    Deny the allegations set forth in Paragraph 7.21 in Plaintiffs' FAP.

7.22    Deny that Plaintiffs are entitled to recover any damages at law from Defendants as alleged in Paragraph 7.22 in Plaintiffs' FAP.

7.23.   Deny that Plaintiffs are entitled to recover any damages at law from Defendants as alleged in Paragraph 7.23 in Plaintiffs' FAP.

## VIII.  CLAIM FOR RELIEF

8.1 Deny that Plaintiffs are entitled to any monetary relief from Defendants as alleged in Paragraph 8.1 in Plaintiffs' FAP.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9. Plaintiffs' FAP, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

10. One or more of the Plaintiffs lacks standing to assert the claims for relief herein.

### THIRD AFFIRMATIVE DEFENSE

11. All of Defendants' actions relating to survey, inspection, audit, review, and/or classification of the Subject Vessel were governed by the terms and conditions of their engagement, the supporting invoices, and of their applicable Rules and Guides, and Defendants claim the benefits of all such terms and conditions, including any applicable statutes of limitation and limitations of liability.

### FOURTH AFFIRMATIVE DEFENSE

12. Plaintiffs' claims must be dismissed in whole or in part under the doctrines of derivative sovereign immunity, qualified immunity, and/or discretionary function immunity under federal law, including without limitation pursuant to 28 U.S.C. § 2680.

### FIFTH AFFIRMATIVE DEFENSE

13. Defendants invoke all the rights, immunities, and/or limitations granted to them under all applicable agreements and/or contracts, none of which are deemed to be waived.

### SIXTH AFFIRMATIVE DEFENSE

14. Defendants reserve any and all rights they may have in choice of forum and/or choice of law clauses that may exist under any applicable agreements and/or contracts which would give them the right to ask this Court to stay, dismiss, or transfer this proceeding in favor of another forum or tribunal.

**SEVENTH AFFIRMATIVE DEFENSE**

15. Any damages sustained by Plaintiffs were caused solely by the acts and omissions of third parties over whom Defendants had no control and for which Defendants have no legal responsibility.

**EIGHTH AFFIRMATIVE DEFENSE**

16. Any damages sustained by Plaintiffs resulted solely from one or more superseding causes, including but not limited to the superseding acts and/or omissions of third parties over whom Defendants had no control or right of control and/or for which Defendants are not responsible.

**NINTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' claims are barred to the extent they failed to properly mitigate, minimize, or avoid their alleged loss.

**TENTH AFFIRMATIVE DEFENSE**

18. Plaintiffs have failed to join an indispensable party or parties, including without limitation the owner(s), operator(s), and/or charterer(s) of the Subject Vessel.

**ELEVENTH AFFIRMATIVE DEFENSE**

19. Defendants do not warrant the seaworthiness of vessels such as the Subject Vessel, which Defendants neither owned nor operated. As a result, Defendants have no

contractual, tort, or other liability to the Plaintiffs for any alleged unseaworthiness of the Subject Vessel.

### TWELFTH AFFIRMATIVE DEFENSE

20. The alleged incident and Plaintiffs' damages, if any, were the result of an unavoidable accident or one occurring without negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. Plaintiffs' claims are barred in whole or in part by the statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. Plaintiffs' claims are barred whole or in part by laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. Plaintiffs' damages, if any, are barred, in whole or in part, due to Plaintiffs' assumption of the risk.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. Any claims asserted and/or damages sought by any Plaintiffs on behalf of any decedents are necessarily subject to, limited under, and/or precluded by the Death on the High Seas Act, 46 U.S.C. §§ 30301 *et seq.*

### SEVENTEENTH AFFIRMATIVE DEFENSE

25. The damages complained of by Plaintiffs were caused, if at all, in whole or in part, by Plaintiffs' own negligence, which was a proximate cause of the incident in question and Plaintiffs' resulting damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

26. If Defendants should be found liable to Plaintiffs in any amount, they are entitled to a credit and/or set-off for any and all sums Plaintiffs have received pursuant to any applicable

retirement/disability plans or company-sponsored insurance, including all maintenance and cure payments and advancements, as well as for any sums received in the way of any and all settlements from other actors involved in the Casualty from which they claim to have suffered injury. In the alternative, Defendants assert their right to a proportionate reduction of any damages found against them based on the negligence attributable to any settling tortfeasor and/or any Responsible Third Party and/or Plaintiffs within the meaning of *McDermott, Inc. v. Amclyde*, 511 U.S. 202 (1994).

## NINETEENTH AFFIRMATIVE DEFENSE

27. Defendants did not make any representations or warranties to Plaintiffs or the general public concerning the qualities, characteristics, seaworthiness, fitness, merchantability or any other aspect of the Subject Vessel.

## TWENTIETH AFFIRMATIVE DEFENSE

28. Any damage that may have been suffered by Plaintiffs and/or Plaintiffs' decedents resulted from an Act of God.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Any damages Plaintiffs or Plaintiffs' decedents may have suffered, if any, were legally caused by the breach of non-delegable duties by the acts, omissions, or contributory negligence or other legal liability of third parties, their agents, or representatives, or by the actions or instrumentalities of third parties for whom Defendants are not liable all of which are plead in bar or diminution of their claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

30. Plaintiffs are not entitled to punitive damages under the General Maritime Law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

31. One or more of the claims asserted on behalf of Plaintiffs herein are barred under the doctrine of accord and satisfaction and/or by the execution of releases by and/or on behalf of one or more of the Plaintiffs herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

32. Some or all of the claims asserted herein are barred under the doctrines of collateral estoppel, claim preclusion, and/or res judicata.

**WHEREFORE**, Defendants respectfully pray for a Judgment:

1. Dismissing all claims in the First Amended Petition with prejudice;
2. Awarding them all costs of this action;
3. And for such other and further relief the Court deems just and proper.

Dated:  May 24, 2024

> HILL RIVKINS LLP
> Attorneys for Defendants
> *American Bureau of Shipping; abs Group of Companies, Inc.; ABSG Consulting, Inc.; ABS Quality Evaluations, Inc.; and ABS Group*
>
> /s/ *John J. Sullivan*
> JOHN J. SULLIVAN
> SDTX I.D. No.: 1531846
> HANNAH E. TAYLOR
> SDTX I.D. No. 3805262
>
> HILL RIVKINS LLP
> 1000 N. Post Oak Rd., Suite 220
> Houston, Texas 77055
> Tel.:    713-222-1515
> Fax:    713-222-1359
> Email: jsullivan@hillrivkins.com
>             htaylor@hillrivkins.com

James M. Kimbell
SDTX ID No.: 1627

CLARK HILL PLC
1000 Louisiana Street, Suite 2800,
Houston, Texas 77002
Tel.:     713-951-5600
Fax:     713-951-5660
Email:  jkimbell@clarkhill.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Southern District of Texas, using the CM/ECF system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *John J. Sullivan*
John J. Sullivan