United States District Court
Southern District of Texas

**ENTERED**

July 18, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE MILLARD *and* GERALD KRELL, *Individually and as representatives of the Estate of Jason Krell,* Deceased; MICHELLE MARTIN, *as executrix and next friend of* A.P., E.P., *and* M.S., *minors, and as representative of the Estate of Quinon Pitre*, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-24-1694 |
| AMERICAN BUREAU OF SHIPPING, *et al*, | § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 11).

Having considered the motion, submissions, and applicable law, the Court

determines the motion should be granted.

## I. BACKGROUND

This is a personal injury case. On April 13, 2021, Plaintiffs ("collectively

referred to as "Krell") were killed or injured when the sea vessel they were aboard,

the *SEACOR Power* ("the Vessel") capsized in the Gulf of Mexico. Krell contends

that Defendants (collectively referred to as "ABS"), a classification society that

inspects maritime vessels for seaworthiness, was negligent in its inspections of the Vessel, proximately causing the death and personal injury of seamen aboard the boat during its sinking.

Based on the foregoing, on April 10, 2024, Krell filed suit against ABS in the Harris County District Court for the 190th Judicial District Court, bringing claims for negligence, negligent misrepresentation and gross negligence. On May 6, 2024, ABS removed this action to this Court on the basis of federal question jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. §1442(a)(1). On June 5, 2024, Krell moved to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a).  Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A removing party must show both the existence

2

of federal jurisdiction and the propriety of removal. *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

### III. LAW & ANALYSIS

Krell moves to remand this case to state court, contending ABS has improperly removed this case under federal officer jurisdiction. A defendant may remove a state court action under the federal officer removal statute codified if the defendant can show (1) it is a person under the meaning of the statute; (2) it has acted pursuant to the direction of a federal office or agency; (3) the charged conduct relates to an act pursuant to the direction of a federal officer or agency; and (4) it can assert a colorable federal defense. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

Krell argues ABS failed to show three required elements to satisfy removal pursuant to the federal officer removal statute. Krell contends ABS cannot show that: "(1) it acted pursuant to a federal officer's directions; (2) the charged conduct is connected or associated with an act pursuant to a federal officer's directions; and (3) it has asserted a colorable federal defense."[1] ABS contends that: (1) federal officer jurisdiction is proper because ABS is an entity acting on behalf and under the direction of the United States Coast Guard ("USCG"); (2) the allegations against ABS are related to acts performed pursuant to federal direction; and (3) ABS can show a colorable federal defense. The Court will consider whether ABS acted pursuant to the USCG's directions.

## A.      Acting Pursuant to a Federal Officer's Directions

For a defendant to prevail under the federal officer removal statute, it must show that it was acting under the direction of a federal officer or agency, which requires the federal officer or agency to "exert a sufficient level of subjection, guidance, or control." *St. Charles Surgical Hosp., L.L.C. v. La. Health Ser. & Indem. Co.*, 990 F.3d 447, 455 (5th Cir. 2021). The Fifth Circuit has made clear that mere compliance with federal regulations is insufficient to satisfy this element, "even if the law involves intense government regulations." *Martin v. LCMC Health*

---

[1] *Plaintiff's Motion to Remand*, Document No. 1 at 1.

*Holdings, Inc.*, 101 F.4th 410 (5th Cir. 2024). To determine whether an entity acted under a federal officer's directions, the Fifth Circuit has instructed courts to examine both the relationship between the private entity and the government, and the contents of the contract. *See St. Charles Surgical Hosp.*, 990 F.3d at 454–455.

Here, Krell contends that this court should follow the decision made in *Jackson v. Am. Bureau of Shipping* and find that "ABS cannot claim federal officer jurisdiction for all acts merely because [the United States Coast Guard] imposes strict standard on ABS before allowing it to perform inspections." *Jackson v. Am. Bureau of Shipping*, 2020 WL 1743541 (S.D. Tex. May 14, 2020) (Miller, J.). Krell supports this contention by arguing that the memorandum of understanding ("the Contract") between ABS and the USCG does not give rise to the kind of subjection, guidance, or control required to satisfy the federal officer removal statute. Krell cites the language of the Contract, which states: "[ABS] is hereby authorized to carry out statutory certification and services on behalf of the Administration,"[2] but points out for the Court that the Contract specifically allows ABS to establish its own rules and regulations to carry out these services, by noting language in the Contract which states: "[ABS] shall establish, publish, and systematically main its rules and/or

---

[2] *Plaintiff's Motion to Remand*, Document No. 11, Exhibit D (*Memorandum of Understanding)* at ¶4.1.

regulations."[3] Krell contends that the USCG did not exercise adequate control by failing to direct ABS how to perform its inspections or prescribe the rules it should follow in doing so.

ABS contends that it is a recognized organization specifically identified by statute to perform inspections of sea vessels on behalf of the USCG.  ABS further contends that it is a designated agent of the USCG and is subject to extensive regulations that dictate to ABS how to conduct inspections aboard sea vessels. ABS asserts that its statutory relationship with the USCG shows that ABS does not merely comply with federal regulations, but rather, adhered to a litany of statutes and provisions that govern ABS's work on behalf of the USCG.

On balance though, the Federal Circuit has made clear that being subject to pervasive federal regulation alone is not sufficient to confer federal jurisdiction, "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Glenn v. Tyson Foods, Inc.*, 40 F.4th 230, 235–36 (5th Cir. 2022) (citing *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 153 (2007)). Based on the foregoing, the Court finds that ABS failed to demonstrate that the USCG exercised the requisite amount of control such to demonstrate ABS acted pursuant to a federal officer's direction.

---

[3] *Memorandum of Understanding*, *supra* note 2 at ¶7.4.

*B.*     *Remaining Elements*

Krell also contends that ABS fails to meet other required elements under the federal officer removal statute, arguing that ABS cannot show either that the charged conduct is connected with an act pursuant to a federal officer's directions, or that ABS has a colorable federal defense. Given the Court's finding above that ABS failed to meet a dispositive element and demonstrate that it acted pursuant to a federal officer's direction, the Court need not address the remaining elements in dispute.

Additionally, the parties are not diverse and there is no other means for this Court to assert subject matter jurisdiction over this case. Thus, this action was not removable on the basis of federal question jurisdiction, as found above, nor is there any other basis for federal subject matter jurisdiction. Accordingly, Krell's motion to remand this action to the Harris County District Court for the 190th Judicial District is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 4) is **GRANTED**. This case is hereby **REMANDED** to the Harris County District Court for the 190th Judicial District Court.

8

SIGNED at Houston, Texas, on this 18th day of July, 2024.

_____
DAVID HITTNER
United States District Judge

8