## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE MILLARD *and* GERALD KRELL, *Individually and as representatives of the Estate of Jason Krell, Deceased*; MICHELLE MARTIN, *as executrix and next friend of* A.P., E.P, *and* M.S., *minors, and as representative of the Estate of Quinon Pitre*, | § § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:24-CV-01694 |
| AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING, INC., ABS QUALITY EVALUATIONS, INC., *and* ABS GROUP, | § § § § § § § § | |
| *Defendants*. | § § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION
## TO DEFENDANTS' (OPPOSED) MOTION FOR
## RECONSIDERATION OF COURT'S ORDER OF REMAND

*Caris MPI, Inc. v. UnitedHealthcare, Inc*., did not change the law. Rather, it

recites the same rule as the cases that Defendants relied on in their response to the

motion to remand. Defendants use its recentness to try to get a second bite at the

apple. But, despite Defendants' contention, its holding does not "clearly" apply to a

classification society or to the facts of this case.[1] Nor does the remand order work a "manifest injustice" to Defendants. Rather, a denial of remand would be unjust in that it would deprive Plaintiffs of their chosen forum. The Court should deny Defendants' motion for reconsideration.

## <u>Standard of Review</u>

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, *per se*. *Bass v. U. S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Courts in this circuit review motions for reconsideration of a remand order under Rule 59(e). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). But it is an "extraordinary remedy that should be used sparingly." *Id*. Motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised" earlier. *Id.* "A motion for reconsideration based on recycled arguments serves only to waste the court's resources.'" *AMS Staff Leasing, N.A., Ltd. v. Associated Contract Truckmen, Inc.*, No. Civ. A. 304CV1344D, 2005 WL 31428484, at *3 (N.D. Tex. Nov. 21, 2005). The decision to reconsider its order is within the sound discretion of the district court.

---

[1] In fact, Defendants cannot point to a single case in which Defendants, ABS, the classification society, has won on this argument and prevented remand. They have not. Rather, ABS has lost each time it has made the argument.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). But "granting reconsideration should be considered only in extraordinary circumstances." *Templet*, 367 F.3d at 479.

## Law & Argument

Defendants base their request for reconsideration on two of the recognized bases: (1) intervening change in controlling law; and (2) prevention of a manifest injustice. But neither are met here.

**1. There was no intervening change in the controlling law**.

With its opinion in *Caris*, the United States Court of Appeals for the Fifth Circuit did not change the law as it relates to federal officer removal. Indeed, *Caris* does nothing more than recite the controlling law as it existed before the Court's order and applies that law to a completely different fact pattern.

Defendants make much of the fact that *Caris* was issued "[t]wo days" before the Court issued its Order remanding this case and that in *Caris* the Fifth Circuit said "when a contractor helps the Government perform a job that, in the absence of a contract, the Government itself would have to perform, and that relationship involves detailed regulation, monitoring, or supervision, the private contractor is 'acting under' a federal officer's direction." *Caris*, 1087 F.4th at 348. But there is nothing new or particularly controversial about that statement of law. It was the law before *Caris*. *See Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 153–54 (2007);

*Box. v. PetroTel, Inc.*, 33 F.4th 195, 199 (5th Cir. 2022); *see also e.g., Jackson v. Avondale Indus., Inc.*, 469 F. Supp.3d 689, 707 (E.D. La. 2020) (quoting *Watson*, 551 U.S. at 151–52). In fact, *Caris* quotes this language from *Watson*. This is not a new statement of the law. But Defendants misapply it in this case.

In their motion to remand, Plaintiffs carefully applied the law—which *Caris* did not change—according to the Fifth Circuit's other recent cases to the facts of this case and demonstrated why Defendants were not "acting under" a federal officer's direction and why Defendants' actions were not "connected or associated with" acts taken under color of federal office. *See* Doc. No. 11, at 8–14. As Plaintiffs pointed out, the "'acting under' inquiry examines the relationship between the removing party and the relevant officer, requiring the courts to determine whether the federal officer 'exert[s] a sufficient level of subjection, guidance, or control' over the private actor." *St. Charles Surgical Hosp., L.L.C. v. Louisiana Health*, 990 F.3d 447, 455 (5th Cir. 2021); Doc. 11, p.7. And, for the "connected or associated with" prong, Defendants must show that the challenged conduct "had a sufficient connection with directives in their federal . . . contracts." *Plaquemines Parish v. BP Am. Prod. Co.*, 103 F.4th 324, 341 (5th Cir. 2024); Doc. 11, p.7. A contract alone, permissive guidance, cooperation, or a combination thereof, is not enough. *See, e.g., Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 590 (5th Cir. 2022). "[T]here must be something 'more.'" *Plaquemines Parish v. Chevron USA, Inc.*, No. 22-30055, 2022

4

WL 9914869, at *3 (5th Cir. Oct. 17, 2022), *cert. denied*, No. 22-715, 2023 WL 2227757 (Feb. 27, 2023). *Caris* did nothing to change this analysis. And, as Plaintiffs carefully demonstrated in their motion for remand, a close examination of the relationship between Defendants and the Coast Guard shows that the Coast Guard did not exert the kind of subjection, guidance, and control necessary to meet either the "acting under" or "connected or associated with" prong of the *Latiolais* test. *See* Doc. 11, pp. 8–14.

In Medicare cases like *Caris*, there is usually the "something more" to satisfy the requisite relationship between the removing party and the federal officer—that "unusually close" relationship. *See, e.g.*, *Trinity Home Dialysis, Inc., v. WellMed Networks, Inc*., No. 22-10414, 2023 WL 2573914 (5th Cir. March 20, 2023). That is so because in that context, the federal agency—Centers for Medicare and Medicaid Services ("CMS")—exerts much more extensive control over the private-entity contractor. CMS is required to provide Medicare benefits directly to enrollees or to contract with third parties to provide those services instead. *Id.* Where CMS elects to use a contractor to provide those benefits, it is "*required* that CMS retain supervision and control over the subcontractors." *Id*. In those cases, the private entity is administering federal insurance programs, and the federal agency exerts a "strong level of control" over the contractor. The contractor entities are required to comply with all CMS instructions. *Id*. CMS's supervision and guidance of its contractors is

highly detailed, directive, and *mandatory*. *See id*. Whereas, in this case, as Plaintiffs demonstrated in their motion to remand, *see* Doc. No. 11, pp. 8–14, the Coast Guard gives Defendants (through the Memorandum of Understanding) great latitude and discretion in its work, including, for instance, allowing Defendants to promulgate their own rules, develop and meet their own minimum standards, and only contemplating that Defendants would "cooperate . . . through effective dialogue." Doc. No. 11, Ex. D at ¶7.14. Aspirations and expectations, but not mandates, is not control sufficient to establish the relationship necessary to invoke federal removal statute. *Mitchell*, 28 F.4th 580, 590. As Plaintiffs explained in their motion, and as the Court clearly understood, this passive supervision by the Coast Guard does not rise to the level necessary to support a finding that Defendants were "acting under" a federal officer. It also does not support a finding that Defendants' conduct was "connected or associated with an act pursuant to a federal officer's direction." *See* Doc. No. 11, pp. 8–14. Nothing about the Fifth Circuit's opinion in *Caris* changes the analysis or the Court's determination based on the underlying facts in this lawsuit.

Not only is the law unchanged, the factual arguments that Defendants make in their motion for reconsideration are similarly unchanged from those they asserted in their response to the motion for remand. Defendants offer no newly discovered facts that they could not have presented to the Court in their opposition to the motion

to remand. Rather, Defendants assume that the Court "overlooked" their factual assertions. But Defendants' motion for reconsideration is simply a re-hash of their original arguments. This cannot support a different result. *AMS Staff Leasing*, 2005 WL 31428484, at \*3.

### 2. There is no manifest injustice to Defendants.

There is no precise definition of "manifest injustice." Courts in this Circuit have said that showing manifest injustice "requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *See, e.g.*, *Gomez v. Loomis Armored US LLC*, No. 5:16-CV-931-DAE, 2018 WL 6265114, at \*2 (W.D. Tex. Aug. 17, 2018). That is, "[a] motion for reconsideration is proper when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension, or there has been a significant change or development in the law or facts since the submission of the issues to the court." *Bender Square Partners v. Factory Mut. Ins. Co*., No. 4:10-CV-4295, 2012 WL 1952265, at \*3 (S.D. Tex. May 30, 2012). "A manifest error of law or fact must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Walker v. HongHua Am., LLC,* No. 4:12-CV-00134, 2012 WL 1898892, at \*1 (S.D. Tex. May 23, 2012) (citing *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012)). "A

party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable." *In re Roemmele*, 466 B.R. at 712.

First, that the Court's order included the language generally applicable to motions to remand is not a manifest error. The Court also, correctly, stated that "[a] removing party must show both the existence of federal jurisdiction and the propriety of removal." Doc. 19, at 2–3. That is a true statement of law regardless of the bases for removal. In fact, even for removal under the federal officer removal statute, the removing party "bear[s] a special burden of establishing the official nature of [its] activities." *Tokacs v. Am. Eurocopter, L.L.C.*, 656 F. Supp. 2d 640, 643–44 (W.D. Tex. 2009). And, Defendants did not do that here. Further, the statement that "[a] case arises under federal law when a plaintiff's 'well-pleaded complaint establishes either that a federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law,'" Doc. 18, at 3, is neither incorrect nor was it dispositive of the motion to remand. It is a correct statement of law even if federal officer removal analysis is not restricted to the well-pleaded complaint. Furthermore, it is clear that Defendants sought to rely on Plaintiffs' Complaint and facts outside of the Complaint and that the Court considered those facts. And, at any rate, the Court correctly applied the four elements of the test for federal officer removal set forth in *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020). The Court did not err in its application of the law.

Moreover, the Court's Order remanding the case is not contrary to the applicable policy or controlling law. As Plaintiffs carefully explained in the motion to remand, the facts here do not support a finding that Defendants "acted under" a federal officer's direction or that Defendants' actions were "connected or associated with an act pursuant to a federal officer's direction." *See* Doc. No. 11, pp. 8–14. That Defendants disagree with the Court's determination does not render it manifestly unjust. Defendants have a different opinion as to the result of the application of the law to the facts here. But, again, that does not amount to manifest injustice. Certainly, here, there is not "indisputable" error.

### 3. The Court should not reconsider its order of remand.

Telling is the lack of any cite to a case in which Defendants have won the remand issue on the argument they make now for the second time in this Court—that is because there is no such case. Defendants have made this same argument before and it has failed. Defendants present no change in the controlling law and they present no new facts or arguments that they did not or could not have presented in their response to the motion to remand. Defendants' motion for reconsideration is just a re-hash of the same arguments Defendants previously made. The Court should deny Defendants' request to reconsider its previous Order.

Nor should the Court accept Defendants' invitation to address the remaining elements, *i.e.*, (1) whether the charged conduct is connected or associated with acts

taken under color of federal office, and (2) whether Defendants have a colorable federal defense.[2] If, though, the Court sees fit to elaborate on these factors, Plaintiffs' Motion to Remand explains concisely why Defendants lose on those also. *See* Doc. 11, at 13–16. Defendants cannot show that their conduct was connected or associated with an act pursuant to a federal officer's direction for the same reasons that Defendants cannot show it acted pursuant to a federal officer's direction.[3] That is, the contents of the MOU give Defendants great latitude to establish its own rules and relations and did not require Defendants to do the work that it did. *See* Doc. 11, Ex. D. Nor did the MOU require Defendants to perform the work that it performed. Rather, Defendants "engaged in the challenged conduct on [their] own initiative . . ." *Plaquemines Parish,* 103 F.4th at 341. As a consequence, Defendants cannot satisfy the "connection or associated" element.

## Conclusion

The Court correctly found that Defendants did not act pursuant to a federal officer's direction. Furthermore, Plaintiffs' motion likewise demonstrated that Defendants' actions, of which Plaintiffs complain, is not connected or associated with an act pursuant to a federal officer's directions. Because Defendants have not

---

[2] Contrary to Defendants' assertion in its motion for reconsideration, Plaintiffs certainly dispute that Defendants meet these elements. Neither the Court nor the Defendants should draw any inference from Plaintiff's election not to overbrief its position in a reply brief.

[3] "[T]hough the 'acting under' and 'connection' elements may often ride in tandem toward the same result, they are distinct." *St. Charles*, 990 F.3d at 454. But "[b]ecause they are closely connected," courts have addressed them together. *See Cloyd v. KBR, Inc*., No. 21-20676, 2022 WL 4104029, at *2 (5th Cir. 2022).

shown that there was an intervening change in controlling law or that there are new facts that could not have been presented to the Court in response to the motion to remand, Defendants' motion for reconsideration should be denied.

Respectfully submitted,
**SPAGNOLETTI LAW FIRM**

_/s/ Marcus Spagnoletti_
    Marcus Spagnoletti
    State Bar No. 24076708
    S.D. Tex. ID No. 1139600
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656
E-mail: mspagnoletti@spaglaw.com
**ATTORNEY IN CHARGE**
**FOR PLAINTIFFS**

**OF COUNSEL:**
**SPAGNOLETTI LAW FIRM**
Eric J. Rhine
Texas Bar No. 24060485
S.D. Tex. ID No. 1786163
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656
E-mail: erhine@spaglaw.com

**HICKS DAVIS WYNN P.C.**
Bryon A. Rice
Texas Bar No. 24065970
S.D. Tex. ID No. 1118643
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Telephone: 713-518-1635
E-mail: brice@hdwlegal.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that the foregoing document was served electronically on all counsel of record on September 3, 2024, in compliance with Local Rule 5.

*/s/ Bryon A. Rice*
Bryon A. Rice