**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONSTANCE MILLARD *and* GERALD KRELL, *Individually and as representatives of the Estate of Jason Krell, Deceased*; MICHELLE MARTIN, *as executrix and next friend of* A.P., E.P, *and* M.S., *minors, and as representative of the Estate of Quinon Pitre*, | § § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | Civil Action No. 4:24-CV-01694 |
| AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING, INC., ABS QUALITY EVALUATIONS, INC., *and* ABS GROUP, | § § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFFS' SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO REMAND [DKT NO. 11]**

TO THE HONORABLE GEORGE C. HANKS JR.:

COME NOW Plaintiffs in the above-listed matter to file their Brief in Support of Plaintiffs' Motion to Remand [Dkt No. 11], previously filed in this matter. For the additional, following reasons, Plaintiffs respectfully ask the Court to remand this matter to the 190th Judicial District Court of Harris County, Texas.

**Table of Contents**

Summary of the Argument ....................................................................................... 3

Procedural Posture .................................................................................................. 4

Argument .................................................................................................................. 6

I.      ABS is not entitled to removal. ................................................................... 6

        A.      ABS has no colorable federal defense after *Hencely*. ................... 7

        B.      Coast Guard delegation did not direct the conduct Plaintiffs challenge. ...... 8

        C.      ABS's private classification work is too remote from any federal directive. ............................................................................. 10

        D.      *Boyle* should not be extended beyond its narrow limits. ............................. 12

II.     The non-ABS entities are not entitled to removal. .................................................. 13

        CONCLUSION ...................................................................................... 16

## Summary of the Argument

Two Supreme Court decisions now control the issues left open on remand. *Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026), confirms that derivative contractor immunity does not follow from a federal relationship alone. It protects a contractor only when the plaintiff sues the contractor "precisely for accomplishing what the Federal Government requested." Id. at 1097. *Boyle* likewise protects a contractor only when the Government directed the contractor to do "the very thing challenged in the suit." *Id.* at 1093.

*Chevron USA Inc. v. Plaquemines Parish*, 146 S. Ct. 1052 (2026), confirms that § 1442(a)(1)'s "for or relating to" language has limits. The required connection must not be "tenuous, remote, or peripheral." *Id.* at 1062. A private defendant cannot remove every claim touching a federally regulated field or every claim against an entity that sometimes performs delegated federal work.

Those decisions defeat removal here. The Fifth Circuit decided only that American Bureau of Shipping acted under the Coast Guard for purposes of § 1442(a)(1). It expressly left the remaining elements for this Court to decide. Docs. 26, 27. Defendants still must show that Plaintiffs' claims are connected to federally directed conduct and that each Defendant has a colorable federal defense.

Defendants cannot carry that burden. Their asserted defense is derivative immunity. In opposing remand, Defendants argued that ABS performed delegated Coast Guard functions and therefore shares the Coast Guard's discretionary-function immunity. Doc. 12 at 16–20. But the Coast Guard did not direct ABS to make the inspection judgments Plaintiffs challenge. It did not prescribe the scope, method, findings, professional

3

conclusions, or representations at issue. ABS exercised its own judgment under its own rules. *Hencely*, 146 S. Ct. 1086, forecloses derivative immunity for that kind of discretionary private conduct. *Id.* at 1093, 1097.

The affiliated entities' position is weaker still. Defendants previously relied on Plaintiffs' collective pleading against "ABS," while expressly acknowledging that individual Defendants may have had "no involvement with the Vessel." Doc. 12 at 3 n.3. Certainly, they had no involvement that they can argue arose under the direction of the Coast Guard. Jurisdiction cannot rest on that collective shorthand. A defendant that did not perform the challenged conduct cannot remove based on a federal officer's direction to perform it. The Court should remand.

### Procedural Posture

Plaintiffs are survivors and representatives of crewmen killed or injured when the M/V SEACOR Power capsized off the Louisiana coast on April 13, 2021. Plaintiffs sued American Bureau of Shipping and affiliated entities for negligence, negligent misrepresentation, and related claims arising from ABS's inspection, review, audit, classification, survey, testing, and certification work on the vessel. Defendants removed under 28 U.S.C. § 1442(a)(1). Doc. 1.

Plaintiffs moved to remand. Doc. 11. Defendants opposed remand on three grounds. They argued that ABS acted under the Coast Guard because it is a Recognized Organization authorized to perform vessel inspections and issue certificates on the Coast Guard's behalf. Doc. 12 at 1, 6–11. They argued that Plaintiffs' claims relate to federally directed conduct because Plaintiffs alleged that ABS performed surveys, audits, reviews,

and stability work on behalf of the Coast Guard. Doc. 12 at 12–15. They also asserted a colorable federal defense of discretionary-function immunity, relying on *Boyle*, *Yearsley*, and *Taylor Energy*. Doc. 12 at 16–20.

This Court granted Plaintiffs' motion to remand, holding that Defendants had not shown federal-officer jurisdiction. Doc. 18. The Court later denied Defendants' motion for reconsideration. Docs. 20, 22. Defendants appealed both orders. Doc. 23.

The Fifth Circuit reversed on only <u>one</u> element. Docs. 26, 27. It held that American Bureau of Shipping acted under the Coast Guard because federal statutes and regulations delegated vessel-inspection and certification functions to ABS. Doc. 27. But it did not decide the remaining removal elements. Instead, it remanded for further proceedings consistent with its opinion. *Id.* Specifically, the Fifth Circuit did not issue a decision as to whether Plaintiff's claims are connected to federally directed conduct.

This Court then ordered the parties to submit a briefing schedule and discovery plan addressing the remaining issues. Doc. 44. The parties filed that plan. Doc. 46. This brief addresses the unresolved elements: connection and colorable federal defense.

## Argument

**I.     ABS is not entitled to removal.**

Federal-officer removal still requires ABS to prove the elements the Fifth Circuit did not decide. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc) requires a private defendant to show that: (1) it is a "person"; (2) it acted under a federal officer; (3) it performed the charged conduct for or relating to an act under color of federal office; and (4) it has a colorable federal defense. Id. at 296.

The Fifth Circuit decided only the "acting under" element. Docs. 26, 27. It did not decide whether Plaintiffs' claims are connected or associated with federally directed conduct. It did not decide whether ABS has a colorable federal defense.

The distinction matters because "acting under" and "relating to" do different work. *St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 990 F.3d 447 (5th Cir. 2021), holds that a defendant may perform some federally delegated functions without showing that the plaintiff's specific claims are connected to those functions. *Id.* at 455–56. Section 1442 requires a connection between the charged conduct and an act under color of federal office. It does not confer jurisdiction over all claims against a defendant with some federal relationship.

ABS therefore must still prove two unresolved elements. It must show that Plaintiffs' claims are connected or associated with federally directed conduct. It also must show that it has a colorable federal defense. The record does not support either showing.

6

### A.  ABS has no colorable federal defense after *Hencely*.

ABS asserts derivative immunity as its federal defense. Defendants argued that ABS is entitled to the Coast Guard's discretionary-function immunity because ABS performs inspections and issues certificates as a Recognized Organization acting on the Coast Guard's behalf. Doc. 12 at 16. They invoked *Boyle*, *Yearsley*, *Taylor Energy*, and discretionary-function principles to support that defense. Doc. 12 at 16–20.

*Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026) defeats that theory. Derivative immunity protects a contractor *only* when the plaintiff sues the contractor "precisely for accomplishing what the Federal Government requested." *Id.* at 1097. *Boyle* likewise protects a contractor *only* when the Government directed "the very thing challenged in the suit." *Id.* at 1093. In short, federal contract, delegation, authorization, or regulatory relationship does not immunize all contractor conduct in the general field of federal work.

Plaintiffs do not sue because the Coast Guard delegated authority to ABS. Plaintiffs sue because ABS performed deficient inspections, surveys, audits, reviews, certifications, classifications, and representations concerning the SEACOR Power. The challenged conduct is not the existence of Coast Guard delegation, rather it is ABS's negligent performance of professional work on a specific vessel.

The Coast Guard did not direct the alleged failures, nor did ABS's negligence result from deficient Coast Guard direction. The Coast Guard did not require ABS to approve any particular condition. It did not require ABS to find no deficiencies. It did not prescribe the challenged inspection methodology. It did not command ABS to make any negligent

7

representation. ABS made those professional judgments itself. ABS's negligent judgment, not the Coast Guard's delegation, is the source of Plaintiff's claims.

ABS's independent judgment is private discretion, not derivative immunity. *Hencely*, 146 S. Ct. 1086, bars a contractor from converting general federal authorization into immunity for its own negligent performance. *Id.* at 1093, 1097. ABS's colorable-defense showing fails for that reason alone.

**B.      Coast Guard delegation did not direct the conduct Plaintiffs challenge.**

ABS's removal theory relies on the inaccurate suggestion that delegation equals direction. ABS argues that it acted under the Coast Guard because statutes, regulations, and an MOU designate ABS to perform vessel inspections and issue certificates on the Coast Guard's behalf. Doc. 12 at 6–11. The Fifth Circuit's "acting under" holding was limited to single element, which is not at issue here. Docs. 26, 27. It did not establish that the Coast Guard directed the particular inspections, surveys, audits, classifications, certifications, or representations Plaintiffs challenge.

The governing distinction is direct and dispositive. A delegation of authority to inspect and certify vessels is not a command to perform the challenged work in a particular way. It is not a federal specification for ABS's professional judgments. It is not a federal directive to issue any specific finding, classification decision, certificate, or representation concerning the SEACOR Power. Instead, all of that was entirely within ABS's independent discretion.

ABS's own framing confirms the point. Its opposition relied on general statutory and regulatory delegation, including 46 U.S.C. §§ 3316 and 5107, 46 C.F.R. § 8.130, the

8

MOU, NVIC 10-82, and NVIC 3-97. Doc. 12 at 7–11, 14–15. Those materials establish, at most, authority and oversight. They do not identify any Coast Guard instruction requiring ABS to make the challenged judgments about the SEACOR Power.

The agreement confirms that distinction. It requires <u>ABS</u> to maintain minimum standards, conditions, and requirements.

> 3.5    The RO must maintain the minimum standards, conditions, and other requirements as set out in this Agreement and its Appendices.  This includes:

**Ex. 1,** Agreement between U.S. Coast and ABS ("Agreement"), at ¶ 3.5. (Emphasis added). That is oversight, not command. A minimum-standard regime leaves professional judgment with ABS; it does not direct the inspection scope, method, findings, or representations Plaintiffs challenge. Under *Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026), that kind of general regulatory framework does not create derivative immunity. *Id.* at 1093, 1097.

The agreement also confirms who controls the rules: ABS. ABS develops its own rules, procedures, and regulations; the Coast Guard may participate in their development and review.

> 7    **Development of rules and/or regulations - Information**
>
> 7.1    Cooperation in connection with development of rules and/or regulations – liaison meetings:
>
> The RO shall allow participation in the development and review of its rules, procedures and/or regulations, specifically in the review process prior to finalization, by representatives of the Administration.

Ex. 1, Agreement, at ¶ 7.1]. (Emphasis added). Participation is not direction. Review is not command. The challenged professional judgments therefore remained ABS's judgments, even when ABS performed work within a delegated statutory program.

The MOU and regulatory materials likewise do not dictate the inspection scope, survey method, audit process, classification rules, stability judgments, deficiency findings, or certification decisions Plaintiffs challenge. ABS argued that the MOU incorporates broad bodies of conventions, statutes, and regulations governing its work. Doc. 12 at 9–10. But broad governing standards are not federal commands to reach a particular result on a particular vessel. If the MOU is a rulebook, ABS is the umpire.

*Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026) makes that distinction jurisdictionally decisive. The contractor must show that the Government directed the very conduct challenged in the suit. *Id.* at 1093. ABS has not identified any Coast Guard directive requiring ABS to do what Plaintiffs allege was negligent. Its federal defense is therefore not "legitimate and capable of being supported by argument and reasoning." *Zeringue v. Crane Co.*, 846 F.3d 785, 790 (5th Cir. 2017).

### C.    ABS's private classification work is too remote from any federal directive.

*Chevron USA Inc. v. Plaquemines Parish*, 146 S. Ct. 1052 (2026) confirms that "relating to" element remains limited. Section 1442(a)(1) reaches claims connected or associated with acts under color of federal office, but it does not reach claims with only a "tenuous, remote, or peripheral" connection to federal conduct. *Id.* at 1062.

That boundary matters here. ABS argued that Plaintiffs' allegations relate to federal direction because Plaintiffs alleged that ABS completed surveys on behalf of the Coast

10

Guard, verified compliance with the ISM Code and U.S. regulations, conducted a safety-management audit, and performed stability-related work. Doc. 12 at 12–15. Plaintiffs preserve their challenge to whether those allegations satisfy the connection element under *Chevron*, 146 S. Ct. 1052. The boundary of "relating to," however, is clearest for claims based on ABS's private classification work, commercial rules, professional judgments, and representations made apart from any Coast Guard directive.

Those claims target ABS's own conduct. They challenge how ABS inspected, reviewed, audited, classified, approved, certified, and represented the condition and safety of the SEACOR Power. ABS recognized the distinction between classification work and regulatory compliance work, arguing that "all but 'classification'" involved ABS work on behalf of the Coast Guard. Doc. 12 at 13. To the extent Plaintiffs' claims involve classification, private rules, or owner-requested commercial work, any connection to a federal directive is peripheral at best.

ABS's own classification documents sharpen the point. They state that ABS develops its rules and standards, and that classification certificates and classification services are issued or performed at ABS's sole discretion.

> b) "Classification" - The classification process consists of: i) the development of Rules, Guides, standards and other criteria for the design and construction of marine vessels and structures, for materials, equipment and machinery; ii) the review of design and survey during and after construction, to verify compliance with such Rules, Guides, standards or other criteria; and iii) the assignment and registration of class when such compliance has been verified.
>
> The Rules and standards are developed by ABS staff and passed upon by technical and special committees made up of naval architects, marine engineers, shipbuilders, engine builders, steel makers and by other technical, operating and scientific personnel associated with the worldwide maritime industry. Theoretical research and development, established engineering disciplines, as well as satisfactory service experience are utilized in their development and promulgation.

11

> It is understood and agreed that the issuance of classification certificates or the performance of services shall be at the sole discretion of ABS and that ABS reserves the right to withhold or withdraw classification, certificates or services for lack of conformity with its Rules or for any other reason, whether or not such reason be deemed by the other party to be unreasonable, frivolous, arbitrary or capricious.

**Ex. 2**, ABS Request for Class (Agreement for Classification), at ABS 000108.[1] (Emphasis added).

Classification therefore does not become a federal act merely because ABS also performs delegated statutory work. Plaintiffs' claims based on classification work, ABS rules, and ABS discretionary services are highly remote from any Coast Guard directive to satisfy § 1442(a)(1).

Section 1442 does not federalize every negligence claim against a private classification society. It does not convert private professional judgments into federal acts merely because the same entity also performs delegated statutory functions. *Chevron* preserves that line. ABS cannot cross it by invoking the Coast Guard relationship at a high level of generality.

**D.      *Boyle* should not be extended beyond its narrow limits.**

Alternatively, as an additional argument to be reached only if all of the former points fail, Plaintiffs preserve the argument that *Boyle* should be overruled or further confined. *Boyle* creates federal common-law preemption without a statutory command. It displaces state-law remedies through judge-made immunity. That doctrine must remain narrow, especially in cases involving traditional state-law claims for personal injury and death.

---

[1] By agreement of the parties, and by the terms of the Standing Protective Order [Dkt. No. 50], Exhibit 2 is filed with minor redactions. The redactions do not include the portions of the document referenced above.

12

*Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026) confirms the narrow path. Contractor immunity applies only when state-law liability would create a significant conflict with an identifiable federal policy or interest and only when the Government directed the very conduct challenged. *Id.* at 1093, 1097. Those limits prevent private contractors from using federal relationships to escape ordinary state-law duties for their own discretionary conduct.

This case shows the danger of expanding federal common-law preemption. Defendants argued that the Coast Guard's delegation of vessel-inspection functions gives ABS a colorable discretionary-function immunity defense. Doc. 12 at 16–20. That theory would convert a delegation regime into broad immunity for private professional judgments. *Hencely* rejects that expansion.

## II.     The non-ABS entities are not entitled to removal.

The non-ABS entities cannot satisfy § 1442(a)(1) if they did not perform the work at issue. Defendants previously acknowledged that Plaintiffs' petition made "no distinction between or among the separate Defendants" and referred to them collectively as "ABS." Doc. 12 at 3 n.3. Defendants also conceded that individual Defendants may have had "no involvement with the Vessel," while asserting that all Defendants joined in removal. *Id.* ABS's Interrogatory answers confirm that fact over and over:

- **Interrogatory Answer No. 1:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in the classification, surveying, testing or certifying of the Vessel*.

- **Interrogatory Answer No. 2:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS

13

Group, had *no involvement in the classification, surveying, testing or certifying of the Vessel, including any review or evaluations of the structural strength of the legs of the Vessel.*[2]

- **Interrogatory Answer No. 3:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in the classification, surveying, testing or certifying of the Vessel, including any review or evaluations of the rack chocking system of the Vessel.*

- **Interrogatory Answer No. 4:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in the designs, plans or technical review of the Vessel.*

- **Interrogatory Answer No. 7:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in the designs, plans or technical review of the Vessel.*

- **Interrogatory Answer No. 9:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had n*o involvement in any assessments of any nature pertaining to the Vessel's jacking system.*

- **Interrogatory Answer No. 10:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in any assessments of rack chocking components of the Vessel.*

- **Interrogatory Answer No. 11:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in any sea trials of the Vessel.*

- **Interrogatory Answer No. 13:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement in the classification, surveying, testing or certifying of the Vessel.*

- **Interrogatory Answer No. 15:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, *provided no services in connection with the Vessel.*

---

[2] Defendants adopted this Answer for Interrogatory No. 8 as well.

14

- **Interrogatory Answer No. 17:** Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had *no involvement with any warning devices or sensors for the Vessel*.

**Ex. 3**, Defendant American Bureau of Shipping's Objection and Answers to Plaintiffs' First Set of Interrogatories, at Nos. 1–4, 7, 9–11, 13, 15, and 17. (Emphasis added). **Given the above, the non-ABS entities cannot *possibly* claim to have been acting under any Coast Guard authority or direction. That is an indisputable fact.**

ABS's collective pleading theory cannot establish jurisdiction after remand. A defendant that did not perform the challenged conduct cannot show that the charged conduct was connected or associated with an act under color of federal office. No conduct means no federal-officer connection.

The same defect defeats any colorable federal defense. *Yearsley* and *Hencely* protect only a contractor sued for carrying out the Government's authorized direction. *Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026) protects only a contractor sued "precisely for accomplishing what the Federal Government requested." *Id.* at 1097.

Defendants' prior collective approach cannot substitute for defendant-specific jurisdiction. The notice of removal was filed by all five Defendants. Doc. 1. Their opposition to remand likewise treated the ABS entities together. Doc. 12 at 1, 3 n.3. But federal-officer jurisdiction belongs to a defendant that acted under federal direction and is sued for conduct connected to that direction. The four affiliated entities cannot borrow American Bureau of Shipping's alleged federal relationship while denying that they performed the challenged work.

15

These entities must be remanded even if American Bureau of Shipping remains. They did not perform federally directed conduct, Plaintiffs' claims against them do not relate to such conduct, and they have no derivative federal defense to assert.

## CONCLUSION

The Court should grant Plaintiffs' motion to remand.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708
SDTX No. 1139600
mspagnoletti@spaglaw.com
Eric J. Rhine
Texas Bar No. 24060485
SDTX No. 1786163
erhine@spaglaw.com
Brooks Tobin
Texas Bar No. 240993267
SDTX No. 3161103
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    (713) 653-5600
Facsimile:    (713) 653-5656

and

Chad Flores
Texas Bar No. 24059759
chad@chadflores.law
FLORES LAW PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
Telephone:    (713) 364-6640

**ATTORNEYS FOR PLAINTIFFS**

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record via CM/ECF Notice of Electronic Filing, on this 18th day of May, 2026, in accordance with the Federal Rules of Civil Procedure.

/s/ Marcus R. Spagnoletti
Marcus R. Spagnoletti