UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONSTANCE MILLARD *and* GERALD KRELL, *Individually and as representatives of the Estate of Jason Krell, Deceased*; MICHELLE MARTIN, *as executrix and next friend of* A.P., E.P., *and* M.S., *minors, and as representative of the Estate of Quinon Pitre*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING, INC., ABS QUALITY EVALUATIONS, INC., *and* ABS GROUP,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-CV-01694 |

**DEFENDANT AMERICAN BUREAU OF SHIPPING'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, AMERICAN BUREAU OF SHIPPING (hereinafter "ABS"), by and through its undersigned attorneys of record, hereby provides the following objections and answers to Plaintiffs' First Set of Interrogatories, reserving its rights to amend and/or supplement same:

**GENERAL OBJECTIONS**

1.      ABS objects to the extent that Plaintiffs' First Set of Interrogatories cites Texas Rule of Civil Procedure 197, which has no application to this action pending in the United States District Court for the Southern District of Texas.

1

**EXHIBIT
3**

2.      ABS objects to the extent that Plaintiffs purport to impose definitions, instructions, and obligations beyond the Federal Rules of Civil Procedure (including without limitation Rules 26 and 33), Local Rules of the United States District Court for the Southern District of Texas, and/or other applicable law.

### OBJECTIONS TO INSTRUCTIONS

1.      ABS objects to the Instructions, including without limitation paragraphs 1 and 7, to the extent that they purport to impose obligations beyond those of a party responding to interrogatories under the Federal Rules of Civil Procedure (including without limitation Rules 26 and 33), Local Rules of the United States District Court for the Southern District of Texas, and/or applicable law.  In this connection, Plaintiffs are limited to 25 written interrogatories, including all discrete subparts, under Federal Rule of Civil Procedure 33(a)(1) and Rule 33.1 of the Local Rules of the United States District Court for the Southern District of Texas.

### OBJECTIONS TO DEFINITIONS

1.      ABS objects to paragraph 1 of the Definitions to the extent it purports to require production of documents in the possession of third-party agents, corporate agents, partners, affiliates, "or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney."

2.      ABS objects to paragraph 2 of the Definitions to the extent that it purports to require production of documents in the possession of former officers, agents, employees, and persons acting on behalf of its successors, predecessors, divisions, and subsidiaries.

3.      ABS objects to paragraph 3 of the Definitions to the extent that its definition of "Documents" differs from the definition set forth in Federal Rule of Civil Procedure 34(a)(1)(A) and to the extent that it purports to impose obligations beyond the Federal Rules of Civil Procedure,

2

including without limitation in seeking documents in the possession, custody, or control of present or former attorneys and former directors, officers, employees, consultants, accountants, or other agents.

4.      ABS objects to paragraphs 1 through 3 of the Definitions and the requests for production to the extent that they seek information protected from discovery by the attorney-client privilege, the work product doctrine, or any other evidentiary privilege or doctrine available under applicable law.  Communications, documents, and other information exchanged with ABS' current or former counsel, as well as communications, documents, and other information prepared in anticipation of litigation, that are protected from discovery are not being produced or disclosed. Nothing contained in these answers is intended as, or shall be deemed, a waiver of any attorney-client privilege, work product doctrine protection, or any other applicable privilege or doctrine.

5.      ABS further objects to paragraphs 1 through 3 of the Definitions and the requests for production to the extent that they seek information not in ABS' possession, custody, or control, or otherwise purport to impose obligations beyond those of a party responding to interrogatories. Interrogatories regarding information in the possession of third parties rather than ABS are not proportional to the needs of the case, and the burden or expense associated with such discovery outweighs its likely benefit.

6.      ABS objects to paragraphs 3 and 4 of the Definitions and the interrogatories to the extent that they purport to require production of information regarding, among other things, "deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments."  Requests to search for and produce such information are not proportional to the needs of the case, considering the lack of importance of the proposed discovery in resolving

3

any important issue in the case, and as the burden or expense of the proposed discovery outweighs its likely benefit.

7.     ABS objects to paragraph 8 of the Definitions stating that "'Contract' means the agreement that is the subject of this lawsuit," as the definition is vague and ambiguous, particularly as the Plaintiffs' operative pleading, (Doc. no. 1-2 at 14-30), makes no reference to any contract.

8.     ABS objects to paragraph 13 of the Definitions to the extent that it apparently misidentifies the owner of the liftboat *SEACOR Power* as of April 13, 2021.

## RESERVATION OF RIGHTS

These objections and answers are based upon information known to or located by ABS at this time.  ABS reserves the right to amend these answers if it locates additional documents or identifies or learns new or different information through discovery or otherwise and will supplement these answers to the extent required under the Federal Rules of Civil Procedure.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** State the rules and standards ABS applies to test, survey and certify the vessel *SEACOR Power*, and state whether the *SEACOR Power* complied with those standards.

**ANSWER TO INTERROGATORY NO. 1:**

ABS objects to this interrogatory: as vague, overly broad and unduly burdensome; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, and the burden or expense of procuring the information sought outweighs its likely benefit.  Additionally, ABS objects to the extent that the terms "applies", "test", "survey" and "certify" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the *SEACOR Power* ("the Vessel").  ABS also objects to the extent the interrogatory suggests that ABS currently provides services connected to the Vessel and/or supplied services to the Vessel after the events putatively set out in the pleadings allegedly occurred.

4

Subject to and without waiving any objections, ABS generally responds that all of its actions relating to its services provided in connection with the Vessel were governed by the terms and conditions of its engagement and the supporting invoices. Further, ABS employed varying standards depending on the type of services being provided in connection with the Vessel.  When performing services that were solely classification services, ABS referred to the standards set out in the ABS Rules, including without limitation the Rules for Building and Classing Steel Vessels Under 90 meters in Length (2001) and the Rules for Building and Classing Mobile Offshore Drilling Units (2001).  When performing services on behalf of the United States Coast Guard ("USCG") to assess the Vessel's compliance with United States statutory or regulatory requirements, ABS referred to the standards set out in the applicable statutes and/or regulations, including without limitation regulations set forth in 46 CFR Subchapters L and S.  When performing services on behalf of the USCG to assess the Vessel's compliance with international conventions, ABS referred to the standards set out in the applicable international conventions and the International Maritime Organization's (IMO) *Survey Guidelines Under the Harmonized System of Survey and Certification*.  ABS also reviewed for compliance with the consolidated text of the International Convention for the Safety of Life at Sea, 1974, and its Protocol of 1988: articles, annexes and certificates, 2001 ("SOLAS").  The services ABS performed in connection with the Vessel were documented in various reports and/or certifications, each of which typically identifies the source of the standards that were employed.

For the period from January 1, 2016 through the date of the incident made the basis of this suit, the extent to which the Vessel did or did not comply, conform and/or otherwise meet with the standards set out in the rules, statutes, conventions, and/or regulations referred to in the preceding paragraph would be set out in the certificates, reports, and other documents to be produced after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the classification, surveying, testing or certifying of the Vessel.

**INTERROGATORY NO. 2:** State the rules and standards ABS applies to test, survey and

certify the structural strength of the legs of the *SEACOR Power*, and state whether the *SEACOR*

*Power* complied with those standards.

**ANSWER TO INTERROGATORY NO. 2:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and as it is disproportionate to the needs of the case, and as the burden or expense of procuring the information sought outweighs its likely benefit.  Additionally, ABS objects to the extent that the terms "applies", "test", "survey" and "certify" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the *SEACOR Power*.

5

ABS also objects to the extent the interrogatory suggests that ABS currently provides services connected to the Vessel and/or supplied services to the Vessel after the events putatively set out in the pleadings allegedly occurred.

Subject to and without waiving any objections, ABS's services with regard to the structural strength of the legs of the Vessel were performed with reference to the standards set out in, among others, 46 CFR §§ 107-109 and the ABS Rules, including without limitation the Rules for Building and Classing Steel Vessels Under 90 meters in Length (2001) and the Rules for Building and Classing Mobile Offshore Drilling Units (2001). As ABS is unaware of any contention that the structural strength of the legs of the Vessel played any role whatsoever in the casualty giving rise to this litigation, ABS stands on its objections that this Interrogatory is not relevant to any claim or defense and is otherwise disproportionate to the needs of the case, such that it will not address any other information requested herein.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the classification, surveying, testing or certifying of the Vessel, including any review or evaluations of the structural strength of the legs of the Vessel.


**INTERROGATORY NO. 3:** State the rules and standards ABS applies to test, survey and

certify the rack chocking system of the *SEACOR Power*, and state whether the *SEACOR Power*

complied with those standards.

**ANSWER TO INTERROGATORY NO. 3:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and as it is disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case (as the rack chocking system was not a factor in the incident) and as the burden or expense of procuring the information sought outweighs its likely benefit. Additionally, ABS objects to the extent that the terms "applies", "test", "survey" and "certify" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the *SEACOR Power*. ABS also objects to the extent the interrogatory suggests that ABS currently provides services connected to the Vessel and/or supplied services to the Vessel after the events putatively set out in the pleadings allegedly occurred.

Subject to and without waiving any objections, ABS's services with regard to the rack chocking system of the Vessel were performed with reference to the standards set out in, among others, the ABS Rules, including without limitation the Rules for Building and Classing Steel Vessels Under 90 meters in Length (2001) and the Rules for Building and Classing Mobile Offshore Drilling Units (2001). As ABS is unaware of any contention that the rack chocking system of the Vessel played any role whatsoever in the casualty giving rise to this litigation, ABS stands on its

6

objections that this Interrogatory is not relevant to any claim or defense and is otherwise disproportionate to the needs of the case, such that it will not address any other information requested herein.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the classification, surveying, testing or certifying of the Vessel, including any review or evaluations of the rack chocking system of the Vessel.

**INTERROGATORY NO. 4:** What involvement did ABS have with the designs, plans and technical review of the *SEACOR Power*? In your answer identify all ABS individuals involved in this effort and provide their roles and dates of involvement.

**ANSWER TO INTERROGATORY NO. 4:**

ABS objects to this interrogatory: as vague, overly broad and unduly burdensome; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering that the burden or expense of procuring the information sought outweighs its likely benefit. Additionally, ABS objects to the extent that the terms "designs", "plans", and "technical review" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the Vessel.

Subject to and without waiving any objections, ABS did not design the Vessel, nor is ABS in the business of doing so. To the extent the actual designers and the builders of the Vessel intended the Vessel to be built to ABS standards, among others, ABS would have reviewed the detailed vessel design, plans, and certain technical aspects at various points in the Vessel's life. Any ABS individuals who would have had involvement in such reviews would be identified in any certificates, reports, and other documents generated by ABS contemporaneous to said review(s), including documents from January 1, 2016, through the date of the incident made the basis of this suit, to be produced after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the designs, plans or technical review of the Vessel.

**INTERROGATORY NO. 5:** Did ABS attend the construction of the *SEACOR Power* and ensure that it met with approved plans and designs? In your answer identify all ABS individuals involved in this effort and provide their roles and dates of involvement.

**ANSWER TO INTERROGATORY NO. 5:**

7

ABS objects to this interrogatory: as vague, overly broad and unduly burdensome; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case (as the construction of the Vessel was not a factor in the incident) and as the burden or expense of procuring the information sought outweighs its likely benefit. Additionally, ABS objects to the extent that the terms "designs", "approved plans", and "ensure" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the Vessel.

Subject to and without waiving any objections, ABS did not design the Vessel, nor is ABS in the business of doing so. ABS was not called upon to "ensure", guarantee or otherwise warrant that the Vessel met with any "approved plans" or "designs". ABS would have surveyed the Vessel during construction to assess the extent to which the as-built Vessel conformed to the detailed vessel design previously reviewed by ABS. While ABS personnel would have attended the Vessel and generated reports and/or certificates reflecting certain activities, records regarding construction of a new vessel are not retained after the vessel is delivered and a classification certificate is issued. Therefore, ABS is unable at this time to identify individuals or dates of such activities.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the construction of the Vessel, or the assessment of whether the Vessel met with any plans or designs.

**INTERROGATORY NO. 6:** Was the *SEACOR Power* design approved by ABS prior to

construction and was ABS provided with all the plans and designs for the *SEACOR Power*?

**ANSWER TO INTERROGATORY NO. 6:**

ABS objects to this interrogatory as vague and to the extent the terms "design", "plans" and "designs" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the *SEACOR Power*. ABS further objects to the interrogatory to the extent it asks whether ABS was provided with all the plans and designs, which calls for information that may be known to one or more third parties rather than ABS or any other Defendant, and as it is not proportional to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case.

Subject to and without waiving any objections, see ABS's Answer to Interrogatory No. 4 above, which is incorporated herein. Whether any plans or designs for the Vessel were created but not provided to ABS would be known to one or more third parties rather than ABS.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the designs, plans or technical review of the Vessel.

**INTERROGATORY NO. 7:** Was the *SEACOR Power* built in accordance with ABS approved

plans?

**ANSWER TO INTERROGATORY NO. 7:**

ABS objects to this interrogatory as vague and to the extent the term "approved plans" as used in this interrogatory is undefined and may not accurately relate to the services ABS provided in connection with the *SEACOR Power*.

Subject to and without waiving any objections, ABS did not design the Vessel that is the subject of this action, nor were any of the design plans of the Vessel created by ABS, as noted in ABS' Answer to Interrogatory No. 4 which is incorporated herein. The Vessel was built as the *Dixie Endeavor* in 2002, and ABS would have surveyed the Vessel upon construction to assess the extent to which the as-built Vessel conformed to the detailed vessel design previously reviewed by ABS. Throughout the history of the Vessel, ABS' surveyors surveyed it to determine that Class-related construction/fabrication was done in accordance with ABS' terms and conditions of their engagement, the supporting invoices and their applicable Rules and Guides. Any design deviations were corrected by others, or revised plans were submitted by others for engineering review and approval by ABS, pursuant to the aforementioned terms and conditions, invoices and applicable Rules and Guides. The Vessel was in compliance with the aforementioned class rules flag statutory requirements, and SOLAS in effect at the last attendance. The extent of such conformity would be set out in contemporaneous documents of said surveys, to be produced, to the extent they exist, after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the designs, plans or technical review of the Vessel.

**INTERROGATORY NO. 8:** Did ABS investigate whether the *SEACOR Power* legs complied

with the required rules? If so, what rules did the legs comply with, and how did ABS ensure

compliance?

**ANSWER TO INTERROGATORY NO. 8:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case (as the compliance of the legs with rules was not a factor in the incident) and as the burden or expense of procuring the information sought outweighs its likely benefit. ABS also objects to the extent

9

"required rules" is an undefined term.  Subject to and without waiving any objections, see answer to Interrogatory No. 2.

**INTERROGATORY NO. 9:** Did ABS investigate whether the jacking system of the *SEACOR Power* complied with the required rules? If so, what rules did they comply with, and how did ABS ensure compliance?

**ANSWER TO INTERROGATORY NO. 9:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering that ABS is unaware of any contention that the jacking system of the Vessel played any role whatsoever in the casualty giving rise to this litigation, and as the burden or expense of procuring the information sought outweighs its likely benefit.  ABS also objects to the extent "required rules" is an undefined term.

Subject to and without waiving any objections, Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in any assessments of any nature pertaining to the Vessel's jacking system.

**INTERROGATORY NO. 10:** Did ABS investigate whether the rack chocking components of the *SEACOR Power* complied with the required rules? If so, what rules did they comply with, and how did ABS ensure compliance?

**ANSWER TO INTERROGATORY NO. 10:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case (as the rack chocking system was not a factor in the incident) and as the burden or expense of procuring the information sought outweighs its likely benefit. ABS also objects to the extent "required rules" is an undefined term.  Subject to and without waiving any objections, see answer to Interrogatory No. 3.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in any assessments of rack chocking components of the Vessel.

**INTERROGATORY NO. 11:** Did ABS attend the sea trials of the *SEACOR Power* and its equipment? If so, what sea trials did ABS attend and what did ABS determine about the *SEACOR Power*'s performance in the sea trials? Provide the name and address of each individual from ABS that attended any sea trials for the *SEACOR Power*.

**ANSWER TO INTERROGATORY NO. 11:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit.

Subject to and without waiving any objections, to the extent this interrogatory seeks information pertaining to sea trials undertaken by the Vessel at the time of or shortly after construction in 2002, any knowledge ABS would have would be contained in contemporaneous documents, to be produced, to the extent they exist, after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in any sea trials of the Vessel.

**INTERROGATORY NO. 12:** Did ABS attend the sea trials of the *SEACOR Power* and its equipment prior to determining that it was in compliance with the applicable rules? If so, what rules did ABS determine compliance of, and how did ABS determine said compliance?

**ANSWER TO INTERROGATORY NO. 12:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit. Defendants also object to the extent "applicable rules" is an undefined term and may not accurately relate to the services ABS provided in connection with the Vessel.  Subject to and without waiving any objections, see answer to Interrogatory No. 11.

11

**INTERROGATORY NO. 13:** Identify each survey ABS conducted on the *SEACOR Power* and

provide a brief summary of the results. For each survey identified, provide the name and address

of each individual from ABS involved in the survey.

**ANSWER TO INTERROGATORY NO. 13:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit.  Additionally, defendants object to the extent that the term "survey" as used in this interrogatory is undefined and may not accurately relate to the services ABS provided in connection with the Vessel.

Subject to and without waiving any objections, the services ABS performed in connection with the Vessel since January 1, 2016, listed by port, work order, and date are as follows:

| Port Office | Work Order Number | Last Visit Date |
|---|---|---|
| Houma Port | 4626811 | 2/11/2021 |
| New Orleans Port | 4314385 | 6/9/2020 |
| Houma Port | 4125445 | 3/25/2020 |
| Beaumont Station | 3727049 | 9/11/2019 |
| Houma Port | 3687927 | 6/20/2019 |
| Houma Port | 3501165 | 5/22/2018 |
| Houma Port | 3474822 | 5/12/2018 |
| Houma Port | 3437657 | 1/11/2018 |
| New Orleans Port | 3337670 | 6/1/2017 |
| New Orleans Port | 3326357 | 5/16/2017 |
| Houma Port | 3311246 | 5/12/2017 |
| Houma Port | 3132030 | 5/2/2016 |
| Morgan City Port - Houma Port | 3108496 | 3/22/2016 |

The scope of services provided and individuals involved were documented in various reports and/or certifications, each of which typically sets out any finding, observations and/or recommendations by the individual(s) performing a survey.  For the period from January 1, 2016, through the date of the incident made the basis of this suit, those reports identifying the individual(s) and the findings, observations and/or recommendations will be produced after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the classification, surveying, testing or certifying of the Vessel.

**INTERROGATORY NO. 14:** Is ABS aware of any design changes from the original design for the *SEACOR Power* to its final design? If so, what changes were made to the design of the *SEACOR Power*, where they made, who made and approved these design changes, and what was ABS' involvement in the design change process?

**ANSWER TO INTERROGATORY NO. 14:**

ABS objects to this interrogatory as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit. Additionally, ABS objects to the extent that the terms "design," "original design," and "final design" as used in this interrogatory are undefined and may not accurately relate to the services ABS provided in connection with the *SEACOR Power*.

Subject to and without waiving any objections, ABS did not design the Vessel that is the subject of this action, nor is or was ABS in the business of doing so. ABS is generally aware that different vessel operators and/or vessel owners arranged for certain modifications to the vessel over a multi-year period after initial construction, including without limitation lengthening the legs. Any knowledge of ABS of such modifications would be embodied in various reports, certifications, and/or other documents, each of which typically sets out any finding, observations and/or recommendations by the individual(s) performing an inspection, survey, or review. Such documents will be produced, to the extent they exist, after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement in the review or approval of changes to the design of the Vessel.

**INTERROGATORY NO. 15:** Identify each role or engagement ABS had for services in connection with *SEACOR Power* and the dates of these services?

**ANSWER TO INTERROGATORY NO. 15:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of

13

importance of the proposed discovery (dates of services over a period of approximately two decades) in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit.

Subject to and without waiving any objections, see Answer to Interrogatory No. 13.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, provided no services in connection with the Vessel.

**INTERROGATORY NO. 16:** How much was ABS paid for such services and please state the

duration of same or dates for same?

**ANSWER TO INTERROGATORY NO. 16:**

ABS objects to this interrogatory to the extent that it is: vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery (duration or dates of services over a period of approximately two decades) in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit.

Subject to and without waiving any objections, documents reflecting the extent of payment to ABS for services provided in connection with the Vessel as well as the dates and/or duration of said services for the period from January 1, 2016 through the date of the incident made the basis of this suit will be produced after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, provided no services to the Vessel.

**INTERROGATORY NO. 17:** Was ABS involved in designing, approving or recommending

warning devices or sensors in connection with the *SEACOR Power*?

**ANSWER TO INTERROGATORY NO. 17:**

ABS objects to this interrogatory: as vague, overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit.

14

Subject to and without waiving any objections, ABS did not design any warning devices and sensors of the Vessel that is the subject of this action, nor is ABS in the business of doing so. Both the ABS Rules and the Code of Federal Regulations contain many requirements for alarms on various systems. To the extent a system was required to have a sensor and/or alarm ABS may have reviewed plans, designs or warning systems, documentation of same if there was a change or modification to the system approved during the construction of the vessel.  To the extent ABS may have documentation related to the approval of warning devices or sensors for the period from January 1, 2016, through the date of the incident made the basis of this suit will be produced, to the extent it exists, after an appropriate protective order has been issued.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement with any warning devices or sensors for the Vessel.


**INTERROGATORY NO. 18:** Was ABS involved in approving or recommending the

evacuation plan for the *SEACOR Power*?

**ANSWER TO INTERROGATORY NO. 18:**

ABS objects to this interrogatory: as vague and ambiguous in its use of the undefined term "plan"; overly broad, unduly burdensome, and not relevant to any claim or defense; as lacking any limitations in temporal or substantive scope; and to the extent it is otherwise disproportionate to the needs of the case, considering the lack of importance of the proposed discovery in resolving any important issue in the case and as the burden or expense of procuring the information sought outweighs its likely benefit.

Subject to and without waiving any objections, ABS does not approve evacuation plans, and did not approve or recommend any evacuation plan for the Vessel.

Defendants ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC, s/h/a ABS Group, had no involvement connected to any evacuation plans for the Vessel.


Dated:  Houston, Texas
        April 15, 2026


**For Objections:**

                               Respectfully yours,

                                /s/ *John J. Sullivan*
                               John J. Sullivan
                               SDTX I.D. No.: 1531846

15

Brian P. R. Eisenhower
SDTX I.D. No.: 3888867
HILL RIVKINS LLP
1000 N. Post Oak Rd., Suite 220
Houston, Texas 77055
Tel.: 713-222-1515
Fax: 713-222-1359
Email: jsullivan@hillrivkins.com
       beisenhower@hillrivkins.com

James M. Kimbell
SDTX ID No.: 1627
CLARK HILL PLC
1000 Louisiana Street, Suite 2800,
Houston, Texas 77002
Tel.: 713-951-5600
Fax: 713-951-5660
Email: jkimbell@clarkhill.com

*Counsel for American Bureau of Shipping*

## VERIFICATION

I, _THOMAS M. GRUBER_, on behalf of American Bureau of Shipping, Defendant in the above captioned case, with authority to execute this Verification on its behalf, state under penalty of perjury of the laws of the United States that I have read the above and foregoing interrogatory answers and that, to the best of my knowledge, the statements therein are true and correct.

Dated: April 15, 2026

Print Name: _THOMAS M. GRUBER_

17