**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONSTANCE MILLARD *and* GERALD KRELL, *Individually and as representatives of the Estate of Jason Krell, Deceased*; MICHELLE MARTIN, *as executrix and next friend of* A.P., E.P, *and* M.S., *minors, and as representative of the Estate of Quinon Pitre*, | §§§§§§§§§ | |
| *Plaintiffs*, | §§ | |
| v. | §§ | Civil Action No. 4:24-CV-01694 |
| AMERICAN BUREAU OF SHIPPING, ABS GROUP OF COMPANIES, INC., ABSG CONSULTING, INC., ABS QUALITY EVALUATIONS, INC., *and* ABS GROUP, | §§§§§§§§ | |
| *Defendants*. | § | |

**PLAINTIFFS' SUPPLEMENTAL REPLY
BRIEF IN SUPPORT OF MOTION TO REMAND [DKT NO. 11]**

TO THE HONORABLE GEORGE C. HANKS JR.:

COME NOW Plaintiffs in the above-listed matter to file their Supplemental Reply Brief in Support of Plaintiffs' Motion to Remand, previously filed in this matter. For the additional, following reasons, Plaintiffs continue to respectfully ask the Court to remand this matter to the 190th Judicial District Court of Harris County, Texas.

**Table of Contents**

Reply................................................................................................................................3

I.    ABS has not identified a colorable federal defense.......................................................3

      A.    Colorability is a low threshold, but it is not empty. ......................................3

      B.    *Hencely* defines the defense ABS invokes. .....................................................4

II.   The record shows delegation and independent judgment, not federal direction. .........5

      A.    ABS admits it used its own rules. ...................................................................5

      B.    Minimum standards are not commands. ........................................................6

      C.    *Taylor Energy* confirms the missing predicate. ...........................................6

III.  ABS's sovereign-immunity cases do not establish contractor immunity......................6

IV.   ABS still must connect the charged conduct to acts under color of federal office. .....7

V.    The non-ABS entities should be severed and remanded if American Bureau of
      Shipping remains. .......................................................................................................8

CONCLUSION ..................................................................................................................9

**Reply**

ABS invokes derivative immunity. That defense is not colorable merely because the colorability threshold is low. It must still be plausible. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296–97 (5th Cir. 2020). So while a court should not decide the merits of immunity at removal, it must require the removing defendant to identify a legally available defense. *Butler v. Coast Electric Power Ass'n*, 926 F.3d 190, 200 (5th Cir. 2019).

ABS has not done that. *Hencely v. Fluor Corp.*, 146 S. Ct. 1086 (2026), confirms that derivative contractor immunity reaches only conduct the Government directed. *Id.* at 1095. Yet ABS identifies no Coast Guard instruction that directed the inspection judgments, classification decisions, certifications, or representations Plaintiffs challenge. It identifies delegation, regulation, and oversight. Those points may explain why ABS sometimes acted under the Coast Guard. They do not show that the charged conduct was federally directed or that ABS has a colorable derivative-immunity defense.

## I. ABS has not identified a colorable federal defense.

### A. Colorability is a low threshold, but it is not empty.

A defense is not colorable merely because a defendant names it. The removing defendant must assert a federal defense that is plausible under current law and applicable to the plaintiff's claims. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296–97 (5th Cir. 2020). Section 1442 does not require the defendant to prove the defense at removal. But it does require the defendant to identify a defense that exists.

That requirement matters here. A federal defense is colorable only if it is subject to reasonable debate. *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016). No reasonable debate exists when the asserted defense lacks the legal predicate current law requires. The Court need not decide negligence, causation, or ultimate immunity to decide that threshold question. It need only ask whether ABS has identified a federal instruction tied to the conduct Plaintiffs challenge.

ABS has not done that. Derivative immunity requires federal direction of the challenged conduct. ABS points instead to the Coast Guard's general delegation and oversight regime. That may show a federal relationship. It does not show direction of the challenged inspection judgments, certification decisions, classification acts, or representations. Without that legal predicate, ABS has not asserted a colorable derivative-immunity defense.

### B.    *Hencely* defines the defense ABS invokes.

*Hencely* controls the defense even though it was not a removal case. ABS invokes derivative contractor immunity as its colorable federal defense. *Hencely* defines that defense.

Federal direction is the dividing line. *Hencely* holds that contractor immunity applies only when the Government directed "the very thing" challenged in the suit. 146 S. Ct. at 1095. The rule does not require Plaintiffs to prove now that ABS acted contrary to federal instructions. The rule requires ABS to identify some federal instruction tied to the

challenged inspection judgment, certification decision, classification act, or representation. ABS identifies none.[1]

Maritime law does not fill the gap. Federal maritime law may govern the substantive duties in this case. But maritime law is not a federal-officer defense. It does not extend Coast Guard discretionary-function immunity to private entities. And it does not relieve ABS of § 1442's separate requirements: a claim connected to acts under color of federal office and a colorable federal defense.

## II. The record shows delegation and independent judgment, not federal direction.

### A. ABS admits it used its own rules.

ABS's own admissions defeat its defense. ABS admits it "may wear two hats" and, when classifying a vessel, "employ[s] its own classification rules." Doc. 54 at 8. ABS also admits that statutory and classification requirements may overlap and that ABS may perform work simultaneously under separate regulatory and classification regimes. *Id.* That is ABS applying professional judgment. It is not a Coast Guard command.

ABS's sworn discovery confirms independent judgment. ABS stated that it "employed varying standards depending on the type of services" and, for classification work, "referred to the standards set out in the ABS Rules." Doc. 53-3 at 5. Those are ABS's rules, applied by ABS. The Government did not direct them.

---

[1] Plaintiffs still preserve their alternative argument that *Boyle* should be overruled or further confined. No expansion of federal common-law contractor immunity is warranted here, where ABS seeks immunity for private professional judgments rather than federally directed conduct. *See* Doc. 53 at 12-13.

5

### B.    Minimum standards are not commands.

Minimum standards do not establish federal direction. ABS says the casualty-relevant inspections were federally governed and therefore federally directed. That does not follow. Direction is not delegation. A minimum standard is not a command.

The Agreement confirms oversight, not command. It requires ABS to maintain "minimum standards." Ex. 1 ¶ 3.5. It provides that ABS develops its own rules and procedures, while the Coast Guard "may participate" in their development and review. Ex. 1 ¶ 7.1. Participation is not direction. Review is not command. These provisions do not require the challenged judgments about the SEACOR Power.

### C.    *Taylor Energy* confirms the missing predicate.

Government instructions drove *Taylor Energy Co. v. Luttrell*, 3 F.4th 172 (5th Cir. 2021). That is why ABS's reliance on the case fails. *Taylor Energy* asks "whether [the contractor] adhered to the Government's instructions as described in the contract documents." *Id.* at 176. That presupposes instructions tied to the challenged conduct.

The record in *Taylor Energy* had what this record lacks. The Coast Guard gave the contractor a defined statement of work, specific tasks, deliverables, deadlines, approval points, and ongoing review of the challenged containment project. *Id.* at 176–77. The contractor went to the Coast Guard for approval before taking the next steps. *Id.* at 177. No comparable direction exists here.

## III.    ABS's sovereign-immunity cases do not establish contractor immunity.

Sovereign-immunity cases do not establish derivative contractor immunity. ABS relies on cases testing the Government's immunity, not a private contractor's.

No contractor obtained derivative immunity in ABS's cases. *Wiggins* was an action against the United States under the Suits in Admiralty Act. *Wiggins v. United States*, 799 F.2d 962, 963 (5th Cir. 1986). *Fiedler* was a suit against the United States over Coast Guard inspections. *Fiedler v. United States*, 165 F.4th 1310, 1314 (9th Cir. 2026). *Cassens* was a third-party claim against the United States that failed on the United States' own discretionary-function immunity. *Cassens v. St. Louis River Cruise Lines, Inc.*, 44 F.3d 508, 510–11 (7th Cir. 1995).

The immunity in those cases belongs to the sovereign. A contractor obtains immunity only derivatively, and only on derivative-immunity terms. Under *Hencely*, that requires conduct carried out at the Government's request. 146 S. Ct. at 1099. ABS has not identified that request here.

## IV. ABS still must connect the charged conduct to acts under color of federal office.

The connection element remains unresolved. The Fifth Circuit decided only that ABS acted under the Coast Guard for one § 1442 element. It did not decide whether Plaintiffs' claims are connected to acts under color of federal office. It did not decide whether ABS has a colorable federal defense. Those questions remain for this Court.

Federal references in the pleadings do not end the inquiry. Plaintiffs do not dispute that some allegations refer to statutory surveys, regulatory compliance, and Coast Guard-delegated work. But authority to inspect is not a command to make the challenged inspection judgment. Authority to certify is not a command to issue the challenged

7

certification. Authority to apply standards is not a command to make the challenged representation.

ABS's "two hats" admission defeats categorical removal. Doc. 54 at 8. Some work may be statutory. Some work was classification. ABS admits those roles may overlap. That overlap does not convert every ABS judgment into federal conduct. Nor does it supply derivative immunity for private professional judgments the Coast Guard did not direct.

## V.    The non-ABS entities should be severed and remanded if American Bureau of Shipping remains.

The non-ABS entities have no independent federal-officer nexus. Defendants' interrogatory answers admit that ABS Group of Companies, Inc., ABSG Consulting, Inc., ABS Quality Evaluations, Inc., and ABS Group, LLC had no involvement in the classification, surveying, testing, certifying, design review, technical review, jacking-system assessments, rack-chocking assessments, sea trials, warning devices, sensors, or any services connected to the Vessel.

No work means no federal-officer issue. A defendant that performed no challenged work did not act under the Coast Guard. It did not perform charged conduct connected to federal direction. And it has no derivative-immunity defense of its own.

Severance preserves the general removal rule without extending § 1442 beyond its purpose. Plaintiffs do not dispute that one proper federal-officer defendant may remove an entire action. But Defendants' cases address initial removal. They do not require continued retention of affiliated entities after Defendants admit those entities performed no vessel-related work, assert no defendant-specific federal-officer nexus, and have no derivative-

8

immunity defense of their own. If the Court retains American Bureau of Shipping, it should sever and remand the non-ABS entities.

## CONCLUSION

The Court should grant Plaintiffs' motion to remand.

Respectfully submitted,

**SPAGNOLETTI LAW FIRM**

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708
SDTX No. 1139600
mspagnoletti@spaglaw.com
Eric J. Rhine
Texas Bar No. 24060485
SDTX No. 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656

**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL:**

Chad Flores
chad@chadflores.law
Flores Law PLLC
service@chadflores.law
917 Franklin Street, Suite 600
Houston, TX 77002
Tel: (713) 364-6640

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all counsel of record via CM/ECF Notice of Electronic Filing, on this 8th day of June, 2026, in accordance with the Federal Rules of Civil Procedure.

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti